**Belvon BRAZIER, Appellant,**

v.

**Thelma BRAZIER, Appellee.**

No. 8385.

Court of Civil Appeals of Texas, Beaumont.

Feb. 28, 1980.

Mary Fly, Beaumont, for appellee.

CLAYTON, Justice.

Appellant, Bevlon Brazier, appeals from a judgment terminating his parental rights as to two of his minor children.

Appellee, Thelma Brazier, filed suit for divorce on June 13, 1978. The original petition was followed by three amended petitions. The original petition contained the allegation that the parties were the parents of three named minor children (none of which are involved in the termination of parental rights made the subject of this appeal), and appellee sought to be appointed managing conservator of such minors.

By her first amended petition, filed September 14, 1978, appellee for the first time named the two children, Thad and Nicole, and sought the termination of appellant's parental rights as to these two children, without specifically stating the grounds therefor. On December 12, 1978, she filed her second amended petition, and, on April 2, 1979, her third amended petition was filed. The second amended petition sought termination of the parental rights as to Thad and Nicole upon grounds of non-support pursuant to *Tex.Fam.Code Ann. § 15.-02(1)(F)*, (Vernon Supp.1980), the Family Code. The third amended petition sought termination of parental rights and legitimation of the two children as to their "natural father, Honor James Nobles."

In a non-jury trial, the court granted a divorce to appellee, named her as managing conservator of all five children of the marriage, and named appellant possessory conservator of the three named children, and terminated his parental rights as to Thad and Nicole. The court found that appellee had not successfully rebutted the presumption of legitimacy as to the two children, but did find that appellant had failed to support the two children in accordance with his ability for a period of one year ending within six months of the date of the filing of the petition.

Paul G. Johnson, Huntsville, for appellant.

■ Appellant asserts in his first point there is no evidence to support a finding that he failed to support his two children, Thad and Nicole, in accordance with his ability during a one-year period ending within six months of the filing of the petition for termination. In considering this no evidence point, we must review the evidence in the light most favorable to the finding and disregard all evidence and inferences to the contrary. *Rourke v. Garza*, 530 S.W.2d 794 (Tex.1975).

The first question with which we are confronted is when does the period of "failure to support" begin? *Tex.Fam.Code Ann. § 15.02(1)(F)* (Vernon Supp.1980) provides for termination of parental rights if the court finds that:

"(1) the parent has

\*     \*     \*     \*     \*     \*

"(F) failed to support the [children] in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition   .   . .."

Appellant contends the beginning date in computing the time for "failure to support" is determined by the date of the filing of appellee's second amended petition—December 12, 1978, contending the one-year period relied upon for non-support could not begin before June 1977. Appellee contends the beginning date is the date of the filing of the original petition. We do not agree with either contention.

■ The original petition, filed June 13, 1978, prayed for divorce, managing conservatorship of only three minors, omitting any reference to the two children, Thad and Nicole. The first amended petition, filed September 14, 1978, for the first time named the two children and sought termination of appellant's parental rights. This was the first time an action for termination of such rights was instituted and constituted the "filing of the petition" within the meaning of that term as used in *Section 15.02(1)(F)* of the Family Code. The third amended petition, filed April 2, 1979, superseded and completely supplanted the plead-

ings which were amended. *West Texas Equipment Co. v. Walker*, 417 S.W.2d 864 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.); *King v. Air Express International Agency, Inc.*, 413 S.W.2d 888 (Tex.Civ.App. —Houston 1967, no writ); *Tex.R.Civ.P. 65.* The third amended petition relates back to the time of filing the first amended petition. *Texas Employers Insurance Ass'n v. Campion*, 236 S.W.2d 193 (Tex.Civ.App.— Austin 1950, no writ). Therefore, the beginning date for the "non-support" period would be March 14, 1977.

■ The record before us, when viewed by the appropriate standard, shows that the parties separated in June 1967, which was before the conception and birth of the two minor children. Appellee began to live with Nobles in August 1967, and they were living together when the two children would have been conceived. Appellee testified Nobles is the biological father of the two children. Nobles acknowledged he was the natural father of Thad and Nicole, and the birth certificates show him as the natural father.

Appellant has been in and out of prison during the time of the marriage and is presently serving a life sentence in the Texas Department of Corrections. He was admitted to the TDC on February 24, 1966, to serve a three-year sentence and was released on parole December 9, 1966. He was again admitted to TDC to serve a two-year sentence, on February 19, 1969, and was released January 1970. In May 1977, he was again incarcerated, this time to serve a life sentence. He will not be eligible for parole until all his children have reached their majority.

From January to May 1977, while appellant was not in prison, he was earning approximately eight hundred dollars per month as manager of Sunlight Manor Apartments, but he gave nothing to appellee for support of Thad and Nicole. During the time he has been incarcerated, since May 1977, he has received an average of fifteen dollars monthly in gifts from various family members. He testified that during this time period he could have been

making some money as a craftsman but did not do so. He never, at any time, sent any money to his wife for the support of his children. Further, the evidence shows appellant's indifference towards these two children in his failure to give a Christmas present of any kind to Thad and Nicole in 1976. He gave a bicycle to each one of the three children not involved herein, but he did not give one to Thad and Nicole. He gave them nothing. He only visited them for approximately forty-five minutes on such occasion.

The evidence as outlined above is legally sufficient to support a finding by the trial court, and the judgment based thereon, that appellant failed to support the two children in accordance with his ability for the required period of time as stated in *Section 15.02(1)(F)*, Family Code. See and compare *Belitz v. Seekatz*, 570 S.W.2d 218 (Tex.Civ. App.—Waco 1978, writ dism'd); *McGowen v. State*, 558 S.W.2d 561 (Tex.Civ.App.— Houston [14th Dist.] 1977, writ ref'd n. r. e.); *Hutson v. Haggard*, 475 S.W.2d 330 (Tex.Civ.App.—Beaumont 1971, no writ); *Jordan v. Hancock*, 508 S.W.2d 878 (Tex. Civ.App.—Houston [14th Dist.] 1974, no writ).

The evidence is also legally and factually sufficient to support the findings of the court that it is in the best interests of the children to terminate the appellant's parental rights.

All points of error presented by appellant are overruled.

The judgment of the trial court is affirmed.

AFFIRMED.