Larry Joseph VANDERFORD, Appellant,

v.

A. HUDSON, et al., Appellees.

No. B2643.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

June 24, 1981.

Rehearing Denied July 22, 1981.

George L. Lewis, Jr., Houston, for appellant.

Bernus Wm. Fischman, Lackshin & Nathan, Houston, for appellees.

Before COULSON, MILLER and MURPHY, JJ.

MURPHY, Justice.

Larry Joseph Vanderford, appeals from a summary judgment entered in favor of A. Hudson, A. Hudson Plaza, Hudson Plaza, Inc., Cadillac Development Corporation and Cadillac Fairview Corporation.

The underlying controversy of this appeal arose out of a lease agreement entered into between Larry Joseph Vanderford (Vanderford), the appellant, A. Hudson (Hudson), an individual, and A. Hudson Plaza, an entity, the latter parties being the lessors and two of the appellees herein.

The lease provided for a two year rental of certain space located in a shopping center. The total rent for the leasing period was $50,077.44, and at the time of execution $4,173.12 was paid by Vanderford as a deposit. Included in the lease agreement were several addendums including a document entitled "Tenant's letter of Acceptance". Basically, this instrument provided the lessor and lessee agreed possession had been delivered to the lessee and all improvements had been completed by lessor. Additionally, the letter of acceptance contained the following clause: "[T]he Landlord has performed all of its duties of an inducement nature and the tenant hereby releases and forever discharges the landlord from any claims, damages and all other causes of action."

Several months prior to the execution of the lease, Hudson had received notice from the Director of the City of Houston Public

Works Department that the city would not be able to accommodate large water users in the shopping center. Though the lease specifically provided the premises were to be used for a night club, Vanderford claims Hudson failed to inform him that the city would not be able to accommodate a large water user.

Vanderford never commenced business on the premises. This suit was filed by Vanderford, alleging Hudson's failure to disclose the nonavailability of water and sanitary sewer services constituted fraud of a material fact. Additionally, Vanderford sought damages for sums expended in preparation of the business, lost profits, attorney's fees, and a refund of the $4,173.12 placed as a deposit. The petition named all five appellees as defendants, and set out the relationship of the parties to be:

(1) A. Hudson, an individual, who signed the leasing agreement on behalf of A. Hudson Plaza;

(2) A. Hudson Plaza, an unincorporated entity and a named lessor in the lease;

(3) Hudson Plaza, Inc., a Texas Corporation, which had its charter forfeited prior to the filing of the suit; and

(4) Cadillac Fairview Corporation and Cadillac Development Corporation, both corporations being alter egos of Hudson Plaza, Inc.

All five defendants originally answered with general denials (Tex.R.Civ.P. 92), and subsequently A. Hudson, Hudson Plaza, Inc. and Cadillac Fairview Corporation each filed amended answers, wherein the same defenses were pled by all three parties, to wit: (1) a general denial; (2) the lease agreement was entered into by A. Hudson Plaza which was an assumed name of Cadillac Development Corporation and therefore the three defendants were not liable in the capacity sued; and (3) Vanderford was barred by the Statute of Frauds to assert any claims due to the release clause included in the tenant's letter of acceptance.

All five defendants jointly moved for summary judgment and alleged as grounds in support thereof that A. Hudson Plaza was an assumed name of Cadillac Development Corporation and the release included in the tenant's letter of acceptance barred any recovery by Vanderford. The proof tendered in support of the motion for summary judgment consisted solely of the motion itself.

In response to the motion, Vanderford answered with the following allegations: (1) the defendants knew of the unavailability of sufficient water service for large water users in the shopping center, and failed to inform Vanderford of this fact; (2) the lessors knew the premises were to be used as a night club, and committed fraud by not informing Vanderford of the water problem; (3) fact issues existed as to (a) whether fraud had been committed; (b) whether the release clause was valid or against public policy as contemplated by the Texas Deceptive Trade Practices Act, Tex. Bus. & Com.Code Ann., Chapter 17 (Vernon Supp. 1980–1981); and (c) whether corporate organizational fees and expenses could be recovered in this type of action. Vanderford's opposing proof consisted of the response to the motion for summary judgment, his affidavit swearing to the validity of the allegations contained in the response and a copy of the letter sent by the City of Houston's director of the Public Work's Department informing the defendants of the nonavailability of water service to large water users in the shopping center.

The motion for summary judgment was granted, however, the order was not dispositive of the entire suit. The judgment was entered and styled as an Interlocutory Order Granting Summary Judgment and provided: (1) A. Hudson, individually, Hudson Plaza, Inc., and Cadillac Fairview Corporation are discharged as not being liable in the capacity in which sued; (2) A. Hudson Plaza is an assumed name of Cadillac Development Corporation and is a proper party to the case; and (3) the motion for summary judgment may be treated as a special exception to Vanderford's original petition and the plaintiff has forty-five (45) days, from the date of the order, to replead his cause of action, if any, against Cadillac

Development Corporation d/b/a A. Hudson Plaza.

Shortly thereafter Vanderford filed his first amended original petition alleging: (1) all five of the original defendants were parties to the suit; (2) the events surrounding the execution of the lease; and (3) the actions by defendants constituted a violation of the Deceptive Trade Practices Act.

After filing his first amended original petition, Vanderford filed a Motion for Rehearing and New Trial and subsequently a First Amended Motion for Rehearing. This motion was directed at the order granting the interlocutory summary judgment and was denied.

Before the order denying the first amended motion for rehearing was entered, Vanderford filed his second amended original petition, which replead all the allegations in his first amended original petition and additionally alleged Cadillac Development Corporation failed to file an assumed name certificate with the Secretary of State under the name A. Hudson or A. Hudson Plaza. It further stated should the court find A. Hudson and A. Hudson Plaza to be assumed names for Cadillac Development Corporation, the corporation should be considered the same as A. Hudson and A. Hudson Plaza and all claims should be asserted equally against all three parties.

Thereafter, Cadillac Development Corporation filed its motion for summary judgment and alleged the release served as a discharge. Attached to the motion was Cadillac Development Corporation's first amended answer and the affidavit of its president, Frank N. Hudson, swearing to the accuracy of the allegations in the motion and to the validity of the lease and the tenant's letter of acceptance.

In response to this motion for summary judgment, Vanderford asserted the alleged release was contrary to public policy because a consumer cannot waive the provisions of the Deceptive Trade Practices Act and also concealment of material facts surrounding the lease, specifically the unavailability of water and sanitary sewer facilities.

Vanderford thereafter filed his third amended original petition, naming Cadillac Development Corporation as the only defendant.

The trial court granted the motion for summary judgment, the judgment providing that the interlocutory summary judgment previously granted in favor of A. Hudson, Hudson Plaza, Inc., and Cadillac Fairview Corporation was final in all respects, and Vanderford should take nothing against Cadillac Development Corporation d/b/a A. Hudson Plaza.

Vanderford's first point of error contends the trial court erred in entering summary judgment for appellees because there existed genuine issues as to material facts. We agree.

In Texas the following rules are to be used by the appellate court when reviewing a summary judgment:

"1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it (sic) is entitled to judgment as a matter of law. (Citations)

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment evidence favorable to the non-movant will be taken as true. (Citations)

3. Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor. (Citations)"

Wilcox et al. v. St. Mary's University of San Antonio, Inc., et al., 531 S.W.2d 589 (Tex. 1975). See, Gibbs et al. v. General Motors Corporation, 450 S.W.2d 827 (Tex. 1970); Hittner, Summary Judgments in Texas 1981 Annual Survey, 21 S.Tex.L.J. (1981).

After reviewing the motion for summary judgment filed by Cadillac Development Corporation and Vanderford's response thereto we find there did exist genuine issues of fact as to one or more of the essential elements of Vanderford's cause of action. Wilcox et al. v. St. Mary's Universi-

ty of San Antonio, Inc., et al., id; Gibbs et al. v. General Motors Corporation, id. Vanderford's alleged certain violations were committed under the Texas Deceptive Trade Practices Act and in order to decide this dispute several fact issues need to be resolved such as: (1) Would Vanderford's business require the usage of large supplies of water; (2) Did nondisclosure of the problems with the water supply constitute fraud of a material fact that served to induce Vanderford to execute the lease, and (3) Was the concealment, if any, knowingly carried out. These and other fact issues existed at the time the summary judgment was entered and therefore the trial judge erred in granting the summary judgment.

This court further points out only Cadillac Development Corporation exists as a party to this suit. Vanderford, in his original, first amended, and second amended original petitions named all five appellees as defendants. However, in his third amended original petition Vanderford named Cadillac Development Corporation as the only defendant. The effect of an amended petition is well settled in Texas:

"As a general rule, the filing of an amended petition omitting an individual as a party defendant has the effect of dismissing such party just as effectively as if an order had been entered to that effect. (Citations)"

\*    \*    \*    \*    \*    \*

"The filing of an amended petition is to add something or to withdraw something from that which has been previously pleaded, and an amended pleading supplants the instrument amended and takes the place of such amended instrument. (Citations)"

Hatley et al. v. Schmidt et al., 471 S.W.2d 440, 441, 442 (Tex.Civ.App.-San Antonio 1971, writ ref'd n.r.e.); See, Brazier v. Brazier, 597 S.W.2d 442 (Tex.Civ.App.-Beaumont 1980, no writ); Byke v. City of Corpus Christi, 569 S.W.2d 927 (Tex.Civ.App.-Corpus Christi 1978, no writ); King v. Air Express International Agency, Inc., 413 S.W.2d 838 (Tex.Civ.App.-Houston 1967, no writ).

We overrule the remainder of appellant's points of error and reverse and remand.