Lillian M. JUNKERMANN, Appellant,

v.

J. W. CARRUTH, Appellee.

No. 1787.

Court of Civil Appeals of Texas, Corpus Christi.

June 30, 1981.

Andrew D. Leonie, III, McAllen, Charles Roberts, El Paso, Tony Bonilla, Bonilla, Read, Bonilla & Berlanga, Corpus Christi, for appellant.

Mitchell O. Sawyer, Edinburg, for appellee.

## OPINION

NYE, Chief Justice.

This is a suit in trespass to try title. Plaintiff, J. W. Carruth, brought suit against Lillian Junkermann, defendant, for title to a 20-acre tract of land situated in Hidalgo County, Texas. In accordance with the jury's findings, the trial court rendered judgment for plaintiff. The defendant appeals.

Lillian Junkermann is the record fee title owner of the 20-acre tract. Junkermann received her title as heir of Dr. McCaleb. Plaintiff Carruth is claiming title to the 20 acres by virtue of adverse possession. Carruth began his possession of the land in 1935 under an agreement with Dr. McCaleb. This lease agreement permitted Carruth to farm the land in return for his keeping the surface taxes paid. At the time of suit, some 42 years later, Carruth had been in continuous possession of the property.

The case was tried to a jury which found in response to special issues the following: 1) that plaintiff Carruth recognized Dr. McCaleb as the owner of the property on February 14, 1942, and March 1, 1960; 2) Carruth repudiated Dr. McCaleb's ownership on March 1, 1960, and 3) Mr. Carruth held exclusive, continuous, peaceable and adverse possession for a period of 10 years or more. The trial court entered judgment awarding Carruth title and possession to the surface of the 20-acre tract of land.

Defendant contends that the trial court erred in rendering judgment for the plaintiff because there is either no evidence, or insufficient evidence to support the trial court's judgment which awarded plaintiff title and possession to the 20 acres. In the alternative, defendant contends that the trial court erred in rendering judgment for the plaintiff because the jury's verdict was

against the great weight and preponderance of all of the evidence. Defendant argues that the evidence shows that plaintiff was in possession of the land only with the permission of Dr. McCaleb and that the evidence does not support a repudiation of this permission. We disagree.

■ The law is well settled that once the landlord-tenant relationship is established, possession of the tenant will not be considered adverse to the owner until such tenancy has been repudiated and notice of repudiation has been given to the owner. Actual notice of repudiation is not required. A finder of the facts may infer that notice of repudiation has been given to the owner where there has been: 1) long continuous possession under claim of ownership and 2) non-assertion of any claim by the titleholder. *Tex-Wis Company v. Johnson*, 534 S.W.2d 895 (Tex.1976); *Killough v. Hinds*, 161 Tex. 178, 338 S.W.2d 707 (1960); *Radford v. Garza*, 586 S.W.2d 656 (Tex.Civ.App. —Corpus Christi 1979, no writ).

■ Plaintiff J. W. Carruth testified that he moved into and lived in a house approximately 1200 feet from the 20 acres in question. He stated that when the 20 acres was abandoned in 1935, he went on the land and started farming it, and that either he or someone renting from him put a crop on the 20 acres each year from 1936 through 1977. The plaintiff claimed the property as his own from 1935 until the present. He paid all the taxes on the property from 1936 through 1978, and improved the property. The plaintiff testified that he rented the property on a share-crop basis to others, and that he told his renters that the property was his.

Four witnesses testified that the property in question was the property of J. W. Carruth. Elida Garza, supervisor of the Hidalgo County Tax Collection Department, testified that from 1951 through 1977 the name J. W. Carruth appears in the "Owner's Column" of the State and City tax records. As to the procedure for listing names in the owners column, Ms. Garza testified that the tax office would carry the property in the name of the former owner until someone came in and signed a rendition stating that the property was theirs. The tax records were introduced into evidence and such records did reflect J. W. Carruth as the owner of the property in question.

The defendant relies on the following correspondence between the plaintiff J. W. Carruth and Dr. McCaleb to show Carruth's possession of the land to be permissive only:

". . . March the 1st of 1960, to W. L. McCaleb, Beaver, Ohio. 'Dear Doctor: I have been thinking sometime of writing you. I haven't heard from you since you was here in 1936. I think that have been a long time.

I still have your twenty acres my boy have bought the flowers twenty on the west of yours, he wants to build a home and he wants to build on the corner of yours, but we don't have the deeds to your twenty acres, if we build on the corner, we have to have a deed. We had a freeze 1949, and '50 that killed most all the citrus trees, good many people reset, they are shipping some fruit now, getting more every year. If this address is correct, I will send you a box of fruit. Yours truly, J. W. Carruth.'

February the 19th of 1962. 'Mr. J. W. Carruth, Edinburg, Texas, Dear Mr. Carruth: I gave you the privilege of farming my twenty acres. If you would keep the surface taxes paid up. I had no idea of donating the surface to you. If I had, I would have sold the surface right. I have had several offers of a considerable sum for this land. In fact, one party sent me a check of one thousand dollars for it which I turned down. I prefer no buildings on this trust as it would increase taxes, I have been advised by a lawyer that you were trying to get a title to this land. I hope as a friend you do not try to cause me any trouble.

I have been in bad health for the past few years and have been living in Florida. Wishing best of luck to you and hoping we are still friends and that you write me a letter explaining your move. Your Friend.'

And it has been stipulated Your Honor, that this is a letter from Doctor W. L. McCaleb to J. W. Carruth. . . . "

The record shows that J. W. Carruth maintained open and continued possession inconsistent with title in others at least during the eighteen-year period between 1960 (when J. W. Carruth sought for a title to the land) and up to the time of suit in 1978. Dr. McCaleb and those persons claiming under him did not assert any claim to the property during this eighteen year period of time. It was logical for the jury to have inferred from the 1962 letter that Dr. McCaleb was aware of Carruth's repudiation of tenancy relationship, i. e., ". . . I have been advised . . . that you were trying to get a title to this land." There is no evidence that Dr. McCaleb made any other inquiry about the land or inquired about Carruth's possession after this correspondence. We hold that the jury could have reasonably inferred that notice had been given to the owner of the property that repudiated the tenancy and that Carruth was claiming title in himself. Having considered all of the evidence, we agree with the jury's finding of constructive notice of repudiation and that J. W. Carruth has held exclusive, continuous, peaceable and adverse possession for a period of 10 years or more. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); and *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). See also Calvert, "No Evidence" and "Insufficient Evidence" Points. Defendant's first, second, third and sixth points of error are overruled.

Defendant also contends that the trial court erred in overruling defendant's motion for instructed verdict and motion for non obstante veredicto because there was no evidence to support submission of the issue of whether the plaintiff adversely possessed the land under the 10-year limitation statute to the jury. Having found that the evidence was sufficient to support the judgment, we hold that the trial court did not err in overruling defendant's motion for instructed verdict and motion for judgment non obstante veredicto. Defendant's fourth point of error is overruled. See: *Dodd v.*

*Texas Farm Products Co.*, 576 S.W.2d 812 (Tex.1979); *Elliott v. Elliot*, 597 S.W.2d 795 (Tex.Civ.App.—Corpus Christi 1980, no writ); and Rule 301, T.R.C.P.

Defendant in her fifth point of error contends that the trial court erred in submitting an issue on whether the plaintiff adversely possessed the land under the 10-year statute of limitation because there was insufficient evidence to support this issue. We have also considered this point of error, and it is overruled. Rule 272, T.R.C.P. (1981); *Farias v. Texas General Indemnity*, 565 S.W.2d 117 (Tex.Civ.App.—Corpus Christi 1978, no writ).

■ Defendant, in her last point of error, contends that the trial court erred in failing to grant her motions for mistrial and for new trial because there was a fatal irreconcilable conflict between the jury findings on special issues 3 and 4 and the jury findings on special issues 5 and 6. The special issues in question are as follows:

". . . Do you find from a preponderance of the evidence that J. W. Carruth recognized W. L. McCaleb as the owner of the land in question at any time after such entry as found by you in Special Issue No. 1? . . . *Yes*

". . . On what date of dates, if any, do you find from a preponderance of the evidence that J. W. Carruth recognized W. L. McCaleb as the owner of the land in question? . . . February 14, 1942, March 1, 1960.

". . . Do you find from a preponderance of the evidence that J. W. Carruth repudiated W. L. McCaleb's ownership of said land by any act or action on his part at any time after such entry as found by you in Special Issue No. 1? . . . *Yes*

". . . When do you find from a preponderance of the evidence that the repudiation, if any, occurred? . . . March 1, 1960"

■ The test in determining whether jury findings are irreconcilable is whether when taking the finding alone in the one instance, a judgment should be entered in favor of plaintiff; and taking it alone in

the other, judgment should be rendered in favor of defendant. *Pearson v. Doherty*, 143 Tex. 64, 183 S.W.2d 453 (1944); *Missouri Pacific Railroad Company v. Tide LPG*, 462 S.W.2d 106 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n. r. e.). Defendant argues that these findings are in conflict because the affirmative answers to the first two issues established her defense of permissive use, while the affirmative answers to the last two issues established the repudiation and hostile use necessary for J. W. Carruth to prevail. We disagree. By taking the answers to the first two issues, the jury could have found that the letter of March 1, 1960, constituted a recognition of ownership in Dr. McCaleb prior to March 1, 1960. The jury could have also found from the particular letter that the various other acts which occurred following the March 1, 1960, letter constituted repudiation. We hold that the jury's answers are not fatally in conflict. Defendant's seventh point of error is overruled.

The judgment of the trial court is affirmed.

BISSETT, J., not participating.