Marian NICHOLS, d/b/a Marian Nichols
Interiors, Appellant,

v.

WILLIAM A. TAYLOR, INC., a
Corporation, Appellee.

No. 13-83-198-CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 10, 1983.

Charles B. Hendricks, Woodburn & Sullivan, Dallas, for appellant.

Dean Fuller, Ungerman, Hill, Angrist, Dolginoff, Teofan & Vickers, Dallas, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

Appellant, Marian Nichols, d/b/a Marian Nichols Interiors, appeals from a judgment

in favor of appellee, William A. Taylor, Inc. We affirm.

Appellee, plaintiff below brought suit against appellant on a sworn account pursuant to Tex.R.Civ.P. 185. The account was based on a table ordered by appellant from appellee and shipped from the factory to a third party. The table was damaged in shipment. Appellant's First Amended Original Answer contained a verified denial which complied substantially with the requirements of Rule 185. Trial was had before a jury, resulting in a verdict on special issues. The trial court entered judgment for appellee in the amount of $612.00 plus interest. Appellant asserts four points of error.

A brief review of the facts is in order. Appellant, Marian Nichols, d/b/a Marian Nichols Interiors, has been an interior designer for seven years. Appellee, William A. Taylor, Inc., has been engaged in the wholesale furniture business for over 32 years.

Mrs. Nichols desired to make a gift to her nephew. Mrs. Nichols and Mrs. Bell (presumably the nephew's wife) went to the Taylor Showroom and selected a table which was then ordered by appellee from Hickory Chair Company of Hickory, North Carolina. The table (Table No. 1) was shipped directly from the factory to Mrs. Bell at her residence in Navasota. When Table No. 1 arrived, it was damaged and Mrs. Bell refused to accept it. Table No. 1 has since been lost.

Mrs. Nichols informed Mr. Taylor that Table No. 1 had been refused because it was damaged. Mr. Taylor advised Mrs. Nichols of the procedures for filing a freight claim. He then had another table (Table No. 2) shipped from his showroom to Mrs. Bell in Navasota. Table No. 2 arrived in satisfactory condition and was paid for. Mrs. Nichols refused to pay for Table No. 1.

William A. Taylor, Inc. filed a suit on a sworn account which was properly denied by Mrs. Nichols. The suit was tried to a jury which returned answers to five special issues. Judgment on the verdict was rendered in favor of plaintiff, William A. Tay-

lor, Inc. in the amount of $612.00 plus interest.

Mrs. Nichols perfected her appeal naming four points of error.

Appellant's first point of error is that the trial court erred in rendering judgment for appellee in that there was no evidence, or in the alternative, insufficient evidence, of delivery. The basis of appellant's complaint is that plaintiff is required to prove delivery as part of his case and that the evidence on this issue was inadmissible.

■ The filing of a verified denial in the form required by Rule 185 destroys the evidentiary effect of the itemized account attached to the Plaintiff's Original Petition and forces the plaintiff to put on proof of his claim. *Rizk v. Financial Guardian Insurance Agency, Inc.,* 584 S.W.2d 860 (Tex. 1979). Because a proper verified denial was filed in the case at bar, appellee was required to prove his case at common law. *Crawford v. Pullman, Inc.,* 630 S.W.2d 377 (Tex.App.—Houston [14 Dist.] 1982, no writ).

■ The essential elements of a common law cause of action on account are (1) that there was a sale and delivery of the merchandise; (2) that the amount of the account is just, that is, that the prices are charged in accordance with an agreement or in the absence of an agreement, they are the usual, customary and reasonable prices for that merchandise; and, (3) that the amount is unpaid. *Jones v. Ben Maines Air Conditioning, Inc.,* 621 S.W.2d 437 (Tex.Civ. App.—Texarkana 1981, no writ). Therefore, defendant correctly states that plaintiff must introduce sufficient evidence of delivery to defendant of the merchandise. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza,* 626 S.W.2d 120 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and*

*Insufficient Evidence Points of Error,* 38 Tex.L.Rev. 359 (1961).

Appellee's only evidence on the issue of delivery consisted of the live testimony of William Taylor and an affidavit from the North Carolina manufacturer with an attached bill of lading showing shipment of one table. Mr. Taylor testified, over hearsay objections, that the table (Table No. 1) had been shipped directly from the factory to Navasota, Texas. The affidavit was filed the day of the trial and was objected to as hearsay. The bill of lading shows that a table was shipped F.O.B., Hickory N.C. on February 14, 1979.

The statute in effect on the date of the trial read:

"Any record or set of records or photographically reproduced copies of such records, which would be admissible pursuant to the provisions of Sections 1 through 4 shall be admissible in evidence in any court in this state upon the affidavit of the person who would otherwise provide prerequisites of Sections 1 through 4 above, that such records attached to such affidavit were in fact so kept as required by Sections 1 through 4 above, *provided further, that such record or records along with such affidavit are filed with the clerk of the court for inclusion with the papers in the cause in which the record or records are sought to be used as evidence at least fourteen (14) days prior to the day upon which trial of said cause commences, and provided the other parties to said cause are given prompt notice* by the party filing same of the filing of such record or records and affidavit, which notice shall identify the name and employer, if any, of the person making the affidavit and *such records shall be made available to the counsel* for other parties to the action or litigation for inspection and copying. The expense for copying shall be borne by the party, parties or persons who desire copies and not by the party or parties who files the records and serves notice of said filing, in compliance with this Act. Notice shall be deemed to have been promptly given if it is served

in the manner contemplated by Rule 21a, Texas Rules of Civil Procedure, fourteen (14) days prior to commencement of trial in said cause." TEX.REV.CIV.STAT. ANN. Art. 3737e, (Vernon Supp.1982) *Repealed by* Texas Rules of Evidence, effective September 1, 1983.

■ The language of a statute is presumed to have been selected and used with care. Every word or phrase is presumed to have been used intentionally with a meaning and purpose. *Bomar v. Trinity National Life and Accident Insurance Co.,* 579 S.W.2d 464 (Tex.1979), *Perkins v. State,* 367 S.W.2d 140 (Tex.1963). Article 3737e (repealed) required both notice to the other parties in the suit *and* that the record and the affidavit to be on file with the clerk of the court and to be available to counsel for other parties 14 days prior to the commencement of the trial. It is therefore presumed that the filing with the court is a requirement beyond that of mere notice to the other parties. It has been held that where evidence is conflicting as to opportunity afforded by the trial court to opposing party for examination of business records prior to trial, the appellate court is required to defer to the trial court's exercise of its discretion to determine whether the opportunity afforded was adequate. *Skinny's, Inc. v. Hicks Brothers Construction Co. of Abilene, Inc.,* 602 S.W.2d 85 (Tex.Civ.App. —Eastland 1980, no writ). However in this case there is no conflict, defendant was not afforded any opportunity to examine the documents and they were not filed until after the trial commenced. The requirement for filing the documents with the clerk of the court is a condition precedent to admitting the documents.

However, appellant's objections to Plaintiff's exhibit No. 2 at the trial were on the following grounds: 1) it was not the original, 2) it was illegible, 3) counsel had no chance to cross-examine the affiant 4) the *affidavit* was hearsay, 5) there was no evidence to tie the exhibit to the suit, hence it was not relevant. Appellant did not object to the failure to file the documents with the Clerk of the court 14 days prior to trial,

include this objection in her motion for a new trial or otherwise bring this failure to file to the attention of the trial court.

■ Appellant's objections were too general and did not bring the defect complained of in the brief to the attention of the trial court. Objections to admissibility of evidence can not be raised on appeal where they were not raised in the trial court. *Texas Construction Service Company of Austin, Inc. v. Allen,* 635 S.W.2d 810 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). *Wynn v. Wynn,* 587 S.W.2d 790 (Tex.Civ.App.—Corpus Christi 1979, no writ), *Brown Express v. Henderson,* 142 S.W.2d 585 (Tex.Civ.App.—San Antonio 1940, writ dism'd, judgmt cor.).

■ The bill of lading, being admitted, is sufficient proof of delivery. When a shipment is made F.O.B., delivery is deemed to have been made when the freight company obtains possession. "[I]n the absence of an agreement to the contrary, delivery to the carrier is delivery to the purchaser." *E.E. Cloer General Contractor, Inc. v. Timber Structures, Inc.* 270 S.W.2d 693 (Tex. Civ.App.—Fort Worth 1954, writ ref'd n.r. e.), *Adkins-Polk Co. v. John Barkley & Co., Limited,* 297 S.W. 757, 760–1 (Tex.Civ.App. —El Paso 1927, writ dism'd) "Delivery F.O.B. cars in pursuance of the consignees' buyer's order, in the absence of any agreement to the contrary completes the contract of sale, at that time and place. *Adkins-Polk Co.* Therefore, delivery of Table No. 1 took place when possession of that table

was transferred to the freight company in Hickory, North Carolina.

The first point of error is overruled.

Appellant's second point of error is that the trial judge erred in submitting Special Issues Nos. 1, 2 and 3. The error alleged is that these Special Issues were not raised by the written pleadings as required by TEX. R.CIV.P. 277.

■ Defendant did not file special exceptions to plaintiff's original petition. In the absence of defendant's filed special exceptions, plaintiff's petition will be liberally construed. *Roark v. Allen,* 633 S.W.2d 804 (Tex.1982), *Hanley v. Oil Capital Broadcasting Association,* 141 Tex. 243, 171 S.W.2d 864 (1943). Special issue No. 1 is as follows:

"Do you find from a preponderance of the evidence that the table, which is the subject matter of this lawsuit, was shipped F.O.B. Hickory, North Carolina?"

As noted above, proof of shipment F.O.B. is proof of delivery and, as such, it is supported by the allegation in plaintiff's original petition that plaintiff "sold and delivered to defendant" the merchandise.

The second special issue is:

"Do you find from a preponderance of the evidence that the custom and usage in the wholesale furniture industry is for the ultimate customer, Mrs. Bell who was the Defendant's client, to file a freight claim with the freight carrier of the table in question, in the event of any loss or damage upon delivery?"

■ We cannot find support for Special Issue No. 2 in the pleadings.[1] We, there-

---

1. Omitting the formal parts of the pleading, plaintiff's petition reads as follows:

"[F]or cause of action, Plaintiff would show to the Court as follows:

I.

That the verified account hereto attached, marked Exhibit 'A,' and made a part hereof, is a liquidated money demand on which a systematic record has been kept, as therein shown, and arises out of business dealings between the parties, and is also an account covering certain goods, wares, and merchandise which Plaintiff at the special instance and request of the Defendant, sold and delivered to the Defendant on or about the several times specified, and in consideration whereof the Defendant then and

there promised and agreed to pay Plaintiff the several sums of money charged therefor and upon the terms shown in said account; and that said goods, wares and merchandise were at the time of the sale and delivery thereof reasonably worth the several sums of money charged therefor.

II.

That after the allowance of all just and lawful offsets, payments, and credits to the Defendant, as is also reflected in said itemized account, that the balance thereon of $612.00 is past due and unpaid, and the Defendant, though often requested, has hitherto failed and refused and still refuses to pay the same or any part thereof."

fore, hold that submission of this issue to the jury was error. However, we also find that the error is harmless because it was immaterial to the resolution of the controversy. *Kraus v. Spencer,* 620 S.W.2d 640 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r. e.); *Taylor v. Lewis,* 553 S.W.2d 153 (Tex. Civ.App.—Amarillo 1977, writ ref'd n.r.e.).

Special issue number three is:

"Do you find from a preponderance of the evidence that the custom and usage in the wholesale furniture industry is that the defendant, an interior decorator ordering from Plaintiff, a furniture wholesaler, is responsible to pay the plaintiff for a furniture order placed, even if the furniture is damaged?"

 Plaintiff's original petition alleges "That after the allowance of all just and lawful offsets, payments and credits to the Defendant . . ." that defendant owes $612. Plaintiff is entitled to prove and have submitted to the jury that defendant may not take an offset because of the damaged condition of the table.

Appellant's second point of error is overruled.

Appellant's third point of error is that the answers to Special Issues Four and Five are in fatal conflict and, therefore, the trial court erred in rendering judgment for appellee. Defendant properly preserved this error for appeal by filing a motion for new trial.

"In order to require that a judgment based upon a verdict that contains conflicting answers be set aside, the answers must be such that one answer would establish a cause of action or defense while the other would destroy it. It has always been the rule in Texas that the courts should not seek a technical construction which would render a verdict in conflict but should seek a reasonable interpretation which would sustain the findings if the findings can be reconciled. There is always the presumption that the jury did not intend to return conflicting answers.

The test is whether taking the finding alone in the one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, a judgment should be entered in favor of the defendant. Then in applying this test the courts consider each of the answers claimed to be in conflict, disregarding the alleged conflicting answer, but taking into consideration all the rest of the verdict, and if so considered, one of the answers would require the judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict. *Little Rock Furniture Mfg. Co. v. Dunn,* 148 Tex. 197, 222 S.W.2d 985 (1949)." *Missouri Pacific Railroad Co. v. Tide LPG, Inc.,* 462 S.W.2d 106, 109 (Tex. Civ.App.—Corpus Christi 1970, writ ref'd n.r.e.). *See also, Junkermann v. Carruth,* 620 S.W.2d 165 (Tex.Civ.App.—Corpus Christi 1981, no writ).

The special issues in question in this case and their answers are as follows:

### SPECIAL ISSUE NO. 4

"What do you find from a preponderance of the evidence to be the reasonable value of the table in question?"

ANSWER: –0–

### SPECIAL ISSUE NO. 5

"What do you find from a preponderance of the evidence to be the agreed charge for the table in question?"

ANSWER: $612.00

 As noted above, the elements plaintiff was required to prove are (1) sale and delivery; (2) the agreed price *or* the reasonable price; and (3) the amount that is unpaid. Taking Special Issues (1), (3), (5) and (6) together, we find that plaintiff is entitled to a favorable judgment. Taking Special Issues (1), (3), (4) and (6) together, we find that plaintiff is not entitled to a judg-

---

Paragraph III alleges plaintiff's entitlement to attorney's fees. There is a prayer for the principle amount, interest, attorney's fees, costs and general relief. Defendant's first amended original answer is a general denial and a verified denial as required by Rule 185.

ment. However, the proof of either the agreed price or the reasonable price are alternative theories of recovery.

"[W]hen a party relies on one of several alternative theories of recovery or defenses and the jury's answers to such theories are seemingly inconsistent or illogical, there is no fatal conflict in the verdict ..." *Shop Rite Foods, Inc. v. Upjohn Co.,* 619 S.W.2d 574, 583 (Tex.Civ. App.—Amarillo 1981, writ ref'd n.r.e.).)

Appellant's fourth point of error is that the trial court erred in failing to submit a special issue submitted by appellant as follows:

Do you find from a preponderance of the evidence, that Marion Nichols refused to accept the table sent by William A. Taylor, Inc.?

Appellant is attempting to raise the issue of rejection of the goods. "[I]f the goods or tender of delivery fail in any respect to conform to the contract, the buyer may (a) reject the whole ..." TEX.BUS. & COM. CODE ANN. § 2.601 (Vernon 1968).

Defendant's original answer raised the issue of rejection of the table as an affirmative defense. "Defendant would affirmatively show ... that the Defendant refused to accept delivery of said table from the freight company ..." However, when defendant's first amended Original answer was filed, the prior pleading was superseded and the affirmative defense was deleted. *Gage v. Landford,* 615 S.W.2d 934 (Tex.Civ.App.—Eastland 1981, writ ref'd n.r.e.) "The filing of an amended [pleading] is to add something or withdraw something from that which has been previously pleaded, and an amended pleading supplants the instrument amended and takes the place of such amended instrument Rules 62, 63, 64 and 65, Texas Rules of Civil Procedure, ..." *Hatley v. Schmidt,* 471 S.W.2d 440, 442 (Tex.Civ.App.—San Antonio 1971, writ ref'd n.r.e.). *See also, Vanderford v. Hudson,* 619 S.W.2d 432 (Tex.Civ. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

There is no support for this special issue in the pleadings. Appellant's fourth point of error is overruled.

The judgment of the trial court is AFFIRMED.