MAINTAIN, INC., Appellant,

v.

MAXSON–MAHONEY–TURNER, INC., Appellee.

No. 13–85–074–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 10, 1985.

Rehearing Denied Oct. 31, 1985.

John A. George, Dallas, for appellant.
Tonya L. Johannsen, for appellee.

Before KENNEDY, UTTER and SEER-DEN, JJ.

## OPINION

KENNEDY, Justice.

Appellee brought suit on a sworn account, pursuant to Tex.R.Civ.P. 185, for insurance premiums alleged to be owed by appellant. Appellant's First Amended Original Answer contained a verified denial which complied with the requirements of Rule ·185. Trial was before the court, resulting in a judgment for appellee in the amount of $13,009.07. Appellant asserts twelve points of error.

Appellee, Maxson-Mahoney-Turner, Inc., acquired various types of insurance coverage for appellant, Maintain, Inc., where all premiums advanced by Maxson-Mahoney-Turner, Inc. on behalf of Maintain were to be reimbursed as invoiced pursuant to an agreement between the two parties. Maxson-Mahoney-Turner, Inc. acquired insur-

ance for Maintain through CNA Insurance Companies. The relationship between Maxson-Mahoney-Turner, Inc., and Maintain lasted approximately ten years, ending in a dispute over past due premiums covering October of 1979 through October of 1981.

In November of 1983, L.D.C. Houston, Inc. and its affiliated companies, which includes Maintain, Inc., entered a Compromise Settlement Agreement with CNA Insurance Companies regarding certain Retro Premiums and Audit Premiums. Maxson-Mahoney-Turner, Inc., is not a named party in the Compromise Settlement Agreement, nor did it participate in negotiating the settlement agreement.

Appellant, through Points of Error 1, 2, 3 and 7, complains that the trial court committed error in that appellee failed to prove appellant was indebted to appellee, and there was no evidence, or in the alternative insufficient evidence, to support the findings as to amounts owed by appellant or that appellant admitted liability.

■ The filing of a verified denial as required by Rule 185 destroys the evidentiary effect of the itemized account attached to Plaintiff's Original Petition and the plaintiff must put on proof of his claim. *Rizk v. Financial Guardian Insurance Agency, Inc.*, 584 S.W.2d 860 (Tex.1979); *Nichols v. William A. Taylor, Inc.*, 662 S.W.2d 396 (Tex.App.—Corpus Christi 1983, no writ).

■ The essential elements of a common law cause of action on account are (1) that there was a sale and delivery of the merchandise; (2) that the amount of the account is just, that is, that the prices are charged in accordance with an agreement or in the absence of an agreement, they are the usual, customary and reasonable prices for that merchandise; and (3) that the amount is unpaid. *Nichols v. William A. Taylor, Inc.*, 662 S.W.2d at 398; *See Jones v. Ben Maines Air Conditioning, Inc.*, 621 S.W.2d 437 (Tex.Civ.App.—Texarkana 1981, no writ). Jerry Davis, treasurer for appellant, admitted liability based on his audit of his records, "we don't have the exact amount ... but approximately $2,800.00." Mr. Davis further testified to which invoices he believed to be outstanding, the sum of which totals $3,751.00. Therefore, appellant's first and seventh points of error are overruled.

■ Appellant introduced at trial Defendant's Exhibit No. 4, the insurance policy providing coverage for appellant for the disputed time which sets out the rates effective under the policy. Therefore, the first two elements of the common law action are undisputed. As to the amount unpaid, plaintiff (appellee) had the burden to prove every item of the account by competent evidence. *Hercules Exploration, Inc. v. Halliburton Co.*, 658 S.W.2d 716 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 361 (1960).

Angie Klaus, appellee's computer operator and bookkeeper, testified with regard to appellee's computerized accounting system. A computer printout of appellant's "Accounts Receivable History" was properly entered into evidence, without objection, pursuant to Rule 902(10) of the Texas Rules of Evidence. The printout describes each insurance policy billed to appellant by invoice number, policy number and effective dates. Payments received from appellant are shown by date as well as any credits attributable to appellant's account. The printout presents monthly balances as well as an ending balance of the amount due. Ms. Klaus then testified to an "accounts current" kept by appellee which reflects payments that appellee is contractually bound to make to CNA Insurance Companies on behalf of premiums extended to appellant. This is cross-checked by CNA

and any errors are brought to appellee's attention. These "accounts current" were entered into evidence without objection. The witness also testified that the checks, introduced into evidence without objection, were for payment by appellant to CNA for the accounts current in question.

Helene Langston, a collection agent for appellee, testified as to the nature of an "audit." An insured pays the worker's compensation insurance at a level rate every month, known as stipulated billing. At the end of the year an audit is done to determine the "true figures" owing as premiums. Either an additional premium will be owed or a return for overpayment will result. The first audit resulted in a charge of $10,576.00. A re-audit was done at appellant's request resulting in a $9,917.00 charge to appellant's account, necessitating a credit of $10,576.00 to "zero out" the previous audit.[1]

Ms. Klaus attempted to trace the disputed premium payments from the "account current" to the "accounts receivable history" by invoice numbers, policy numbers and dates. It is possible to trace the premiums on the ledger sheet (accounts receivable history) for all premium charges except charges labeled (1) Invoice Number 7888 for 10/31/80–10/31/81 in the amount of $1,969.00; (2) January Installment, Invoice Number 7889, for 1/31/81–2/28/81 in the amount of $658.00; (3) February Installment, Invoice Number 7890 for 2/28/81–3/31/81 in the amount of $658.00; and (4) Journal Entry for 4/9/81 in the amount of $865.00. Therefore, the ending balance shown of $14,468.00 on the "accounts receivable history," less these untraceable entries, gives a total amount due of $10,318.00.

■ We hold that there was ample evidence of probative value to partially support the trial court's findings that appellant was indebted to appellee. See *Rudi's Automotive Corp. v. Heeth*, 509 S.W.2d 428 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); (bookkeeping ledger system of re-cording insurance premiums due was sufficient to prove the account at common law).

The second and third points of error are overruled.

Appellant, through points of error 4, 5, and 6, next complains the trial court erred by not finding the CNA settlement binding upon appellee; that failure to so find is against the great weight of the evidence; and, there is no evidence, or in the alternative insufficient evidence, to support the finding that appellee had legal capacity to sue.

■ An insurance agent can act as the agent of both the insured and the insurer by collecting the premium and delivering the policy for the carrier, and by procuring insurance for the insured. *Guthrie v. Republic National Life Insurance Co.*, 682 S.W.2d 634 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Merbitz v. Great National Life Insurance Co.*, 599 S.W.2d 655 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.). Appellant and appellee agreed that any payments made by appellee on behalf of premiums due under appellant's policy would be reimbursed. It is settled law that if an agent is authorized to perform an act for a principal and it is intended under the agreement that the agent will be reimbursed by the principal in carrying out performance this principal must reimburse the agent. *Bellefonte Underwriters Insurance Co. v. Brown*, 663 S.W.2d 562 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Minnesota Mutual Life Insurance Co. v. Weeks*, 408 S.W.2d 128 (Tex. Civ.App.—Houston 1966, no writ). Appellee proved by sufficient evidence the amount of unreimbursed premiums he paid on appellant's behalf. When appellee, as the agent for the appellant, undertook to secure the desired insurance and paid, or personally contracted to pay for all unpaid premiums, he then had the necessary standing to bring suit. *Grace v. Rahlfs*, 508 S.W.2d 158 (Tex.Civ.App.—El Paso 1974, writ ref'd n.r.e.). Therefore, we overrule appellant's sixth point of error.

1. Two debits and two credits appear due to an inadvertent second credit for $10,576.00.

■ Duff Hale, an account executive and solicitor for appellee, testified that approximately $50,000.00 worth of premiums had been returned to CNA as uncollectable and that these premiums would not appear on the "account current." Further, any premiums listed on the "account current" would not be deemed unpaid by CNA, as appellee was contractually liable for them. Jerry Davis, appellant's treasurer, testified that, in his opinion, the Settlement Agreement included all premiums appellee sought recovery for, but could not specify whether the premiums and audits appellee seeks recovery of were within the $54,878.00 CNA settled upon as unpaid. There was sufficient evidence for the trial court to find that the amounts appellee sought were not affected by the Settlement Agreement, and therefore, the release by CNA does not bind appellee. We overrule appellant's fourth and fifth points of error.

Appellant, by points of error eight through twelve, complains the trial court committed error in awarding attorney's fees as there is no testimony towards reasonableness of the services, insufficient evidence to support a finding for attorney's fees, and that TEX.REV.CIV.STAT.ANN. art. 2226 (Vernon Supp.1985) prevents recovery of attorney's fees when suit is for insurance premiums.

■ Attorney's fees can be recovered in all suits on insurance contracts brought under Art. 2226 unless the suit is brought under one of the provisions of the Insurance Code specifically mentioned in Art. 2226 (which this suit is not). In that case, the attorney's fees statute applicable to that specific provision will control the award. *Prudential Insurance Co. of America v. Burke*, 614 S.W.2d 847 (Tex. Civ.App.—Texarkana 1981, writ ref'd n.r.e. per curiam, 621 S.W.2d 596 (Tex.1981)); *Texas Farmers Insurance Co. v. Hernandez*, 649 S.W.2d 121 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.). In refusing writ in *Burke*, the Supreme Court stated that the Court of Civil Appeals correctly decided the case. 621 S.W.2d at 597. We overrule appellant's tenth point of error.

■ Article 2226 states, "The usual and customary fees in such cases shall be presumed to be reasonable, but such presumption may be rebutted by competent evidence." TEX.REV.CIV.STAT.ANN. art. 2226 (Vernon Supp. 1985). Attorney for appellee testified as to the type of work done, value thereof, and that she is familiar with attorney's fees in Dallas County for this type of case and these are reasonable in that light. Appellant did not rebut testimony on attorney's fees. Appellant's eighth, ninth, eleventh and twelfth points of error are overruled.

The judgment of the trial court is REFORMED, finding appellant indebted to appellee for $10,318.00, and as reformed, AFFIRMED.