**CANTU–JOHNSTON POOLS, INC., and Fernando Cantu and Jim Johnston, Individually, Appellants,**

v.

**Victor M. SOLIS, d/b/a Reeves Ready Mix, Appellee.**

No. 04–84–00475–CV.

Court of Appeals of Texas, San Antonio.

Jan. 29, 1986.

George O. Jacobs, Laredo, for appellants.

Santiago Sandoval, Laredo, for appellee.

Before CADENA, C.J., and TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a default judgment in a suit on sworn account. Appellants timely filed an answer but thereafter failed to timely respond to appellee's request for admissions. The trial court, on appellee's motion, signed an order deeming the facts admitted. Appellants failed to appear at the time the case was called for trial; consequently, the court rendered default judgment. The motion for a new trial was denied.

In two points of error, appellants urge that the trial court erred in overruling their motion for new trial and in ordering that certain facts be deemed admitted.

We first address appellants' complaint with regard to the deemed admissions. Appellants contend that the trial court erred by its order which deemed the facts admitted as a matter of law because; (1) appellee did not file a motion to compel admissions; and (2) appellant's answers to the requests for admissions were on file before the court's order was entered. In the instant case appellant failed to timely answer appellee's request for admissions filed on May 14, 1984. Appellee filed a motion to deem facts admitted on June 26, 1984. The court signed the order deeming the facts admitted on June 27, 1984. The record clearly indicates that appellant did not file a motion to extend the time to answer the requested admissions until June 29, 1984.

■■■ A response to request for admissions is due within thirty days after service of the request. TEX.R.CIV.P. 169. A party who has failed to answer a request for admissions can avoid sanctions by filing a motion for late filing on or before the deadline for responding to the request. If a motion for late filing is not filed, the party cannot complain of the court's order decreeing that the request for admissions be deemed admitted. *Hill v. Caparino*, 370 S.W.2d 760, 761 (Tex.Civ.App.—Houston 1963, no writ). Moreover, a motion to deem requested admissions admitted is not

required; the requested admissions are automatically deemed admitted under Rule 169 when no answer or motion for additional time was filed by the day the time to answer expired. *See Packer v. First Texas Savings Association*, 567 S.W.2d 574, 575 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.); TEX.R.CIV.P. 169. Appellants' motion for late filing was itself too late to prevent the requested admissions from being deemed admitted.

■■■ We recognize that there will occasionally be circumstances in which neither answers nor a motion for additional time can be filed before the deadline; in such instances, a motion to strike the deemed admissions could be considered by the trial court. Here, appellants offered no explanation for their failure to timely file a motion for extension. Accordingly, their second point of error is overruled.

■■■ We now address appellants' complaint that the trial court erroneously granted a default judgment and overruled the motion for a new trial because their failure to appear for trial was the result of inadvertence and mistake, and was not intentional. The "failure to answer" default judgment cases are reviewed under the rule promulgated in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939), where the supreme court stated:

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; *provided the motion for a new trial sets up a meritorious defense* and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Id.* 133 S.W.2d at 126. (Emphasis added).

Through the deemed admissions, appellants acknowledge the transaction which is the subject of the suit and admit that "[t]here are no facts upon which [they] rel[y] as a basis for defense in this action."

The court will not allow evidence to refute or controvert these facts. *Reyes v. International Metals Supply Co.*, 666 S.W.2d 622, 624 (Tex.App.—Houston [1st Dist.] 1984, no writ). Therefore, appellants have no meritorious defense. The trial court correctly denied the motion for new trial. Appellants' first ground of error is overruled.

The judgment of the trial court is affirmed.