**Thomas W. CULP and Bob Goodson, d/b/a Sunburst Condominiums, Appellants,**

v.

**Dan HAWKINS, d/b/a H & H Concrete Company, Appellee.**

No. 13-86-075-CV.

Court of Appeals of Texas, Corpus Christi.

May 15, 1986.

Rehearing Denied June 26, 1986.

Jeff Morehouse, San Antonio, for appellants.

Charles E. Hardy, San Antonio, for appellee.

Before UTTER, KENNEDY, and SEERDEN, JJ.

OPINION

UTTER, Justice.

This is an appeal from a summary judgment in a suit on a sworn account granted in favor of appellee, Dan Hawkins, d/b/a H & H Concrete Co. The judgment awarded $18,075.09 as damages and $5,000.00 as attorney's fees. We affirm the judgment of the trial court.

Appellee filed his original petition on December 27, 1984. On January 29, 1985, appellee filed interrogatories and requests for admissions of fact, which were received by appellants on January 30, 1985. Appellants admit that they did not timely file answers to the requests for admissions. On March 8, 1985, appellee filed a motion to deem facts admitted, which was granted by the trial court on April 2, 1985.[1] Appellee also filed a motion for summary judgment on March 8, 1985, which was granted

---

1. This procedure is not necessary due to the amendment of TEX.R.CIV.P. 169, effective April 1, 1984, which provides that the "matter is deemed admitted without necessity of a court order" if not answered within thirty days of service.

on April 12, 1985. On March 19, 1985, appellant Culp filed his answers. However, both sets of answers were filed *after* the due date and *without* leave of court to file late answers.

By their first point of error, appellants contend that the "trial court abused its discretion as a matter of law by [imposing] a sanction order deeming certain facts admitted."

■ Appellant's failure to timely answer the requests for admissions, to timely file written objections, or to timely file a motion to file late answers resulted in each request for admission being deemed admitted pursuant to TEX.R.CIV.P. 169. *Laycox v. Jaroma*, 709 S.W.2d 2 (Tex.App.—Corpus Christi, 1986, no writ); *Cantu-Johnston Pools, Inc. v. Solis*, 705 S.W.2d 299 (Tex.App.—San Antonio, 1986, no writ). There is no longer a necessity to obtain an order deeming requests admitted. Under Rule 169, the requests for admissions are automatically deemed admitted after thirty days. The trial court had no discretion to exercise. Point of error number one is overruled.

By their second and final point of error, appellants contend that the summary judgment proof was insufficient to conclusively establish all of the elements of appellee's cause of action. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960).

Appellants filed a verified denial as required by Rule 185. The verified denial rebutted the evidentiary effect of the account statement (invoice) attached to appellee's original petition and required appellee to prove his claim. *Maintain, Inc. v. Maxson-Mahoney-Turner, Inc.*, 698 S.W.2d 469 (Tex.App.—Corpus Christi 1985, writ requested).

The essential elements of a common law cause of action on account are (1) that there was a sale and delivery of the merchandise; (2) that the amount of the account is just, that is, that the prices are charged in accordance with an agreement or in the absence of an agreement, they are the usual, customary and reasonable prices for that merchandise; and (3) that the amount is unpaid.

*Id.* at 471.

Appellants argue that the invoice relied upon by appellee is insufficient as a "systematic record" required by Rule 185. The invoice is dated December 18, 1984, is from appellee to appellants, and contains the following description of the account:

| Due | From: | Retainage | Misc. | Total |
|-----|-------|-----------|-------|-------|
| CK. | # 161 | 3,118.82 | 387.39 | 3,506.21 |
| CK. | # 360 | 2,447.84 | 4,527.35 | 6,975.19 |
| CK. | # 219 | 3,315.19 | 1,938.26 | 5,253.45 |
| Inv. | #1616 | 3,243.60 | | 3,243.60 |
| | | $12,125.45 | $6,853.00 | $18,978.45 |

■ Rule 185 was amended, effective April 1, 1984, to make the requirement of particularity in component parts of an account a matter of pleading. *See Enernational Corp. v. Exploitation Engineers, Inc.*, 705 S.W.2d 749 (Tex.App.—Houston [1st Dist.], 1986, no writ). "No particularization or description of the nature of the component parts of the account or claim is necessary unless the trial court sustains special exceptions to the pleadings." TEX. R.CIV.P. 185. Since appellants did not specifically except to appellee's pleadings, they have waived any complaint as to the sufficiency of the invoice.

■ Deemed admissions are competent summary judgment evidence. *Laycox v. Jaroma, Inc.*, 709 S.W.2d 2 (Tex.App.—Corpus Christi, 1986, no writ); *Overstreet v. Home Indemnity, Co.*, 669 S.W.2d 825 (Tex.App.—Dallas), *rev'd on other grounds*, 678 S.W.2d 916 (Tex.1984); *Henke Grain, Co. v. Keenan*, 658 S.W.2d 343 (Tex.App.—Corpus Christi 1983, no

writ). The admissions offered as summary judgment evidence are as follows:

(1) Appellee delivered to appellants the goods, wares, merchandise, or services described in the invoice.

(2) Appellants accepted these goods, wares, merchandise or services.

(3) Appellee and appellants agreed to the prices charged for the goods, wares, merchandise or services as reflected by the invoice.

(4) The principal amount due and owing to appellee from appellants was $18,-075.09.

(5) Appellants have failed to pay the amount due on the account.

These admissions conclusively establish that appellee was entitled to summary judgment. Point of error number two is overruled.

The judgment of the trial court is AF-FIRMED.