**J.E. KEATON and Onieta Keaton, Appellants,**

v.

**R. DAKIN & COMPANY, Appellee.**

**No. 13–86–150–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1986.

Robert L. Ramey, Corpus Christi, for appellants.

William F. O'Rourke, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment entered in a suit on a sworn account. TEX.R.CIV.P. 166–A, and 185. Appellee initially brought suit against Robert Watson, individually and d/b/a Nita's Hallmark, on a sworn account to recover $4,406.05 in merchandise sold to three Nita's Hallmark stores. Watson filed a verified denial alleging he was not liable in the capacity in which he was sued; that he was not the owner of the three stores; and that he merely operated the stores on behalf of the real owner, Onieta Keaton. Watson subsequently filed bankruptcy proceedings and appellee dismissed him from this suit, but filed a sworn proof of claim on the account in the bankruptcy court.

Appellee apparently substituted or joined the appellants, Onieta Keaton and her husband, as defendants. Appellants properly filed a verified denial alleging they did not order or promise to pay for any of the merchandise sold to the stores, and that Watson had no express, implied or apparent authority to order any merchandise on their behalf or to obligate them to pay for any merchandise.

The trial court granted summary judgment for appellee. Appellants urge on appeal that appellee is not entitled to summary judgment because the evidence establishes that a material fact issue exists as to whether the subject merchandise was sold or delivered to appellants. We agree and reverse and remand the case for trial on the merits.

Once a defendant in a suit on a sworn account files a verified denial required by TEX.R.CIV.P. 185, the evidentiary effect of the itemized account is destroyed, and the plaintiff is forced to prove its case at common law. *Rizk v. Financial Guardian Insurance Agency, Inc.*, 584 S.W.2d 860, 862 (Tex.1979); *Maintain, Inc. v. Maxson-Mahoney-Turner, Inc.*, 698 S.W.2d 469, 471 (Tex.App.—Corpus Christi

1985, writ ref'd n.r.e.); *Nichols v. William A. Taylor, Inc.*, 662 S.W.2d 396, 398 (Tex. App.—Corpus Christi 1983, no writ). The three essential elements of a common law cause of action on account are: 1) that there is a sale and delivery of merchandise; 2) that the amount of the account is just; that is, the prices are charged in accordance with an agreement or, in the absence of an agreement, they are usual, customary and reasonable prices for the merchandise; and 3) that the amount is unpaid. *Maintain, Inc.*, 698 S.W.2d at 471; *Nichols*, 662 S.W.2d at 398; *Blue Bell, Inc. v. Isbell*, 545 S.W.2d 563, 565 (Tex.Civ.App.—El Paso 1976, no writ). The record shows that the appellants filed a proper verified denial; therefore, appellee had the responsibility to put on proof of the merits of its claim.

In order to be entitled to a summary judgment, appellee had to conclusively prove all of these essential elements of a cause of action on an account. The question here is whether the summary judgment proof establishes, as a matter of law, that there are no genuine issues of material fact as to any of the essential elements of this cause of action. The standards for review of summary judgments are that: 1) the movant has the burden of establishing that there is no genuine issue of material fact; 2) evidence favorable to the non-movant will be taken as true; and 3) every reasonable inference in favor of the non-movant will be indulged and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

At one time, appellants were the owners of the three Nita's Hallmark stores. Watson was a sales representative for Hallmark. On September 1, 1980, appellants and Watson executed a "contract for sale" of the three stores. Under the terms of the contract, appellants agreed to sell Watson "[A]ll the furniture, fixtures, supplies, inventory, accounts receivable, goodwill and other assets comprising the businesses known as Nita's Hallmark Store located in Victoria, Bay City and Corpus Christi, Texas, together with the right to use the firm name." Watson agreed to buy the businesses for $300,000.00, payable in monthly installments of $3,600.51. Paragraph Four of the contract provides that appellants will transfer the "property" to appellee by a bill of sale upon full payment of the purchase price. The merchandise in question was "sold" to the three stores before full payment was made, so this dispute arose as to who owned the stores and was liable for payment of the account.

Appellant, Onieta Keaton, testified, by deposition, that the only reason they could not provide Watson with a bill of sale on September 1, 1980, was because, at the time, Watson was employed by the Hallmark Company and was prohibited from acquiring any ownership interest in businesses such as appellants'. If Hallmark was to learn of his "acquisition," he would lose his job, pension and/or profit sharing benefits. According to Keaton, this was the only reason why the contract provided that all the leases would remain in the Keatons' names and Watson would furnish the rent. This is why the Keatons agreed to make all payments due on any equipment in the store, because the only payments due were to Hallmark. Onieta Keaton signed only those payment checks. However, the contract also provided that Watson would maintain liability insurance on the stores and pay for all utilities and taxes.

As summary judgment proof, appellee submitted copies of its "Statement of Account" and invoices all showing merchandise sold to Nita's Hallmark shops. It is not evident from the face of the documents that the merchandise was, in fact, sold to the appellants. On their faces, the documents do nothing more than raise a fact question as to whether appellants were even parties to these transactions. *See Sundance Oil Co. v. Aztec Pipe and Supply Co.*, 576 S.W.2d 780, 780–81 (Tex.1978); *Lee v. McCormick*, 647 S.W.2d 735, 740 (Tex.App.—Beaumont 1983, no writ); *Special Marine Products, Inc. v. Weeks Welding and Construction, Inc.*, 625 S.W.2d

822, 825–26 (Tex.App.—Houston [14th Dist.] 1981, no writ).

Appellee also argues that the contract between the Keatons and Watson establishes the Keatons' liability on the account as a matter of law. Appellee contends that the contract unambiguously provides that the title and ownership of the property would remain in appellants' names after September 1, 1980, and until a bill of sale issued. Since appellants retained ownership of the property comprising Nita's Hallmark stores, appellee argues they were liable on appellee's account. Appellee's argument is based upon a construction of the contract, and that, since the contract is not ambiguous, its construction is a matter of law, not a question of fact.

The contract is not ambiguous as to which party will be liable for merchandise furnished to the stores before the purchase price is fully paid. It is completely silent on the matter. The fact that the leases were to remain in appellants' names proves nothing about who is liable for this merchandise.

 Where the ultimate conclusion to be drawn from uncontradicted evidence would not necessarily be the only conclusion reasonable minds could draw from that evidence, such conclusion would be a conclusion of fact, precluding summary judgment, and not a conclusion of law. *Gibson v. John D. Campbell and Co.*, 624 S.W.2d 728, 732 (Tex.App.—Fort Worth 1981, no writ). Reasonable minds could differ in this instance as to whether Paragraph Four, providing that the "property" would be transferred upon final payment of the purchase price, meant that appellants would be liable for merchandise sold to the stores during the interim.

Appellee's summary judgment evidence also included the deposition testimony of Watson. Watson testified that he had personal knowledge of the "sales" involved, that the merchandise was delivered to the stores and was accepted, and that the agreed price had not been paid.

Appellee also submitted the deposition testimony of Onieta Keaton. She testified that she sold the shops to Watson in September 1980; that she never employed Watson; that she did not order, buy, or pay for any merchandise for the stores after September 1980; that Watson had complete control of the stores after September 1980; and that she was never even in the stores after that time.

We find that appellee's proof is insufficient to sustain a summary judgment. Appellee failed to conclusively prove all of the essential elements of its case: that there was a sale and delivery of merchandise to appellants or on their behalf. Material issues of fact remain unresolved. Appellant's point of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded to the trial court for trial.

REVERSED and REMANDED.