Ralph HUNT, Appellant,

v.

STATE of Texas, Appellee.

No. 13–85–532–CR.

Court of Appeals of Texas,
Corpus Christi.

June 18, 1987.
Rehearing Denied Aug. 28, 1987.

Abel Toscano, Harlingen, Joseph A. Connors, III, McAllen, for appellant.

Ben Euresti, Jr., Brownsville, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a conviction for theft of United States Currency, of the value of over $750.00 but less than $20,000.00. Punishment was assessed at ten years in the Texas Department of Corrections, probated for ten years, and a fine of $5,000.00.

Appellant was convicted, in essence, for failing to turn over $2,160.37 in insurance premiums to Professional Investors Life Insurance Company (P.I.). Appellant contends the evidence is insufficient to show (1) that P.I. owned the money as alleged in the indictment and (2) that appellant's acquisition and exercise of control over the money were unlawful. We agree.

The evidence reveals that appellant was an independent insurance agent, selling insurance policies issued by Professional Investors (P.I.) as well as other insurance companies. Through appellant, Starr Produce obtained life insurance for its employees with P.I. Starr Produce paid its premiums by sending the money to appellant, who then sent payments to P.I. Starr's policies were paid up to April 1, 1984. In mid-April appellant billed Starr Produce for the May premiums due to P.I. Later that month Starr, after consulting with appellant, decided to change insurers from P.I. to another company. The new coverage was effective May 1, 1984. On May 7, 1984, Starr's accountant wrote a check for $2,160.37 payable to appellant for payment of insurance premiums for May, with a notation on the check stub that it was payable to P.I. Appellant, aware of the intended changeover, contacted Starr's president to confirm that the changeover had occurred and that payment was supposed to go to the new carrier, National Western. Appellant deposited the check in his premiums account, then issued checks to National Western, paying Starr's premiums.

In reviewing the sufficiency of the evidence, we look at all the evidence in the light most favorable to the verdict or judgment and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

The State contends that P.I. owned the money in question because P.I. continued Starr's coverage through May, 1984. Although that is certainly evidence that P.I. anticipated the receipt of the premium, it is not evidence that P.I. owned the premium upon its deposit with the appellant.

Appellant presented uncontroverted evidence that his collection of Starr's premiums was done as Starr's agent.[1] According to the record, appellant typically collected Starr's premiums and forwarded them to P.I. as a special service. This arrangement allowed Starr to pay its premiums monthly to appellant.

---

1. As Starr's insurance agent and fiduciary, appellant was authorized to make payments to the insurance company providing service to Starr. An insurance agent can act as an agent of both the insured and insurer. *Maintain, Inc. v. Maxson-Mahoney-Turner, Inc.*, 698 S.W.2d 469 (Tex. App.—Corpus Christi 1985, writ ref'd n.r.e.). Generally, an insurance agent acts for the insured in making application for insurance and in processing the policy, and acts for the insurer in delivering the policy and in collecting and remitting the premium. *Don Chapman Motor Sales, Inc. v. National Savings Insurance Co.*, 626 S.W.2d 592 (Tex.App.—Austin 1981, writ ref'd n.r.e.). However, the question of agency and the extent of authority is one of fact and may be shown by either direct or circumstantial evidence. *Id.* at 597.

In *Maintain, Inc. v. Maxson-Mahoney-Turner, Inc.*, 698 S.W.2d 469 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.), the insurance agent agreed with the insured to pay the premiums for the insured. We held that in doing this, he was acting as the insured's agent. *Id.* at 472. Appellant's collection of Starr's premiums was done at the authorization of, and for the benefit of the insured, Starr Produce.

When appellant received Starr's money, he was obligated to pay it to the correct carrier. Appellant knew of the intended changeover from P.I. to National Western and that it was due to go into effect on May 1, 1984. Acting on that knowledge, appellant telephoned Starr's president to verify that the change had been made and that the intended recipient of the premium was National Western. After speaking with Starr's president, appellant paid the premiums for Starr's employees to National Western, as directed. Starr's accountant testified that appellant had not appropriated any of Starr's money, but had paid it to National Western as directed.

We find the evidence insufficient to support appellant's conviction because the State failed to prove beyond a reasonable doubt that Professional Investors Life Insurance Company was the owner of the money, and that appellant's acquisition and exercise of control over the money were unlawful. Appellant's fourteenth point of error is sustained.

Because this point of error is dispositive of the appeal, we decline to address appellant's remaining eighteen points of error. Tex.R.App.P. 90.

The judgment of the trial court is reversed and remanded to the trial court for entry of an acquittal.