Robert Jean WORLEY, Appellant,

v.

Oliver BUTLER, Jr., Appellee.

No. 13–89–440–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 28, 1990.

Butler, Jr., sued appellant, Robert J. Worley, to recover $22,866.26 in legal fees and expenses, and he also sought the reasonable attorneys' fees incurred in the prosecution and appeal of this suit. Worley answered the suit and filed a counterclaim against Butler for legal malpractice. The trial court granted a partial summary judgment favorable to Butler on Worley's counterclaim, and it granted summary judgment favorable to Butler on his suit for attorneys' fees. This appeal concerns only the summary judgment pertaining to Butler's suit for attorneys' fees (Butler's second summary judgment motion). By a single point of error, Worley complains that the trial court erred in granting Butler's second summary judgment motion. We affirm the trial court's judgment.

Butler's suit alleges that in December, 1982, he agreed to represent Worley in his lawsuit against Shell Oil Company. Butler provided legal services to Worley from December, 1982, through September, 1985. Worley paid Butler's legal fees from December, 1982, through April, 1985, but he did not pay Butler's legal fees from May, 1985, through September, 1985. Butler alleges that Worley still owes him $22,866.26 in legal fees. He demands recovery based upon sworn account, quantum meruit and express contract. He also demands that Worley pay him the legal fees incurred in prosecuting this suit.

The summary judgment motion alleges that the evidence proves that no genuine issue of material fact exists and that Butler is entitled to judgment against Worley as a matter of law. The summary judgment proof includes a transcript of the testimony of Butler and Worley given during the Shell trial,[1] a demand letter and proof of receipt, and the affidavits of the Honorable Ferriel C. Hamby, Jr., and the Honorable Roger W. Hughes, attorneys.

Butler testified during the Shell trial that he was Worley's attorney in his lawsuit against Shell Oil Company. His normal fee

Larry Watts, Watts & Co., Lawyers, P.C., Houston, Thomas L. Steinman, Houston, for appellant.

Edwin R. Fleuriet, Richard D. Schell, Fleuriet, Schell & Franz, Roger W. Hughes, Ferriel C. Hamby, Jr., Adams & Graham, Harlingen, for appellee.

Before NYE, C.J., and SEERDEN and KEYS, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment. Appellee, the Honorable Oliver J.

---

1. During trial of the Shell suit, Worley sought Butler's attorney's fees as an element of damages. Butler and Worley testified concerning the attorney's fees. Worley's suit against Shell ended in Shell's favor.

at the time he accepted Worley's case (December, 1982) was $125.00 per hour, plus expenses. From December, 1982, through August, 1985, he billed Worley for 434.05 hours of attorney time; 17.55 hours of legal assistants' time at $25.00 per hour; and $7,433.00 in expenses. From September 1, 1985, through September 16, 1985, he incurred 87.15 hours of attorney time; $185.00 in legal assistants' charges; and $1,182.84 in expenses. Butler estimated that he would incur thirty-six hours of attorney time plus $300.00 in expenses from September 16 to the time a final judgment was entered. Butler opined that his total actual and estimated attorneys' fees (excluding fees for appeals) will be between $79,000.00 and $80,000.00. He said the fee was reasonable and necessary.

Worley testified during the Shell trial that he employed Butler to represent him in his lawsuit against Shell Oil Company. He admitted that he had agreed to pay Butler $125.00 per hour, plus travel and other expenses.

The demand letter includes an attached final statement showing the month-by-month unpaid balances of Butler's services rendered and cash expenses advanced in the Shell case from May, 1985, through September, 1985. The final statement indicates a total unpaid balance of $22,866.26. Attached to the final statement is an itemized list of Butler's services rendered and cash expenses advanced during September, 1985.

Worley's response alleges that in order to recover attorneys' fees, the attorney's services must benefit the client. He contends there is a fact issue whether Butler's efforts in obtaining a judgment in the Shell suit are a benefit. He contends that his testimony is hearsay, that it does not qualify as a judicial admission, and that it is not unequivocal. He argues that Butler did not prove the justness of his claim for attorneys' fees because the employment agreement occurred prior to Worley's accrual of damages. He also contends that there is controverting evidence concerning the justness of Butler's attorneys' fees.

Worley's summary judgment evidence includes a copy of his original counterclaim.

The trial court granted Butler summary judgment for $22,860.20 in legal fees which he incurred in the Shell suit. The trial court also granted Butler summary judgment for: $11,210.00 in attorneys' fees and expenses for prosecuting this suit in the trial court; $7,500.00 for an appeal of this suit to the court of appeals; $2,500.00 for preparing or responding to an application for writ of error relating to this suit; and $2,000.00 for an appeal of this suit to the Texas Supreme Court.

By a single point of error, Worley complains that the trial court erred in granting Butler's second summary judgment motion. In reviewing a summary judgment record, this court must determine whether a disputed material fact issue exists that would preclude a summary judgment. *Gonzales v. Mission America Ins. Co.*, 33 Tex.Sup. Ct.J. 697–98 (Sept. 6, 1990); *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex. 1984). Every reasonable inference must be indulged in the non-movants' favor, and any doubt resolved in their favor. *Wilcox v. St. Mary's Univ.*, 531 S.W.2d 589, 593 (Tex.1975). The question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the plaintiff's cause of action, but whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *Tucker v. Atlantic Richfield Co.*, 787 S.W.2d 555, 557 (Tex.App.—Corpus Christi 1990, writ denied).

It is undisputed that Worley filed a verified denial concerning the correctness of Butler's suit on a sworn account. When a defendant files a verified denial concerning the correctness of a plaintiff's sworn account, and the denial satisfies Rule 185 of the Texas Rules of Civil Procedure, this destroys the evidentiary effect of the itemized account attached to the petition and forces the plaintiff to prove his claims. *Rizk v. Financial Guardian Ins. Agency, Inc.*, 584 S.W.2d 860, 862 (Tex.1979). Since

Worley filed a proper verified denial, Butler was required to prove his case at common law. *Nichols v. William A. Taylor, Inc.*, 662 S.W.2d 396, 398 (Tex.App.—Corpus Christi 1983, no writ).

■ To prevail in a cause of action on sworn account, a party must show: (1) that there was a sale and delivery of the merchandise or performance of the services; (2) that the amount of the account is just, that is, that the prices were charged in accordance with an agreement or in the absence of an agreement, they are the usual, customary and reasonable prices for that merchandise or services; and (3) that the amount is unpaid. *Maintain, Inc. v. Maxson–Mahoney–Turner, Inc.*, 698 S.W.2d 469, 471 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Hercules Exploration, Inc. v. Halliburton Co.*, 658 S.W.2d 716, 723 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). The plaintiff has the burden to prove, through competent evidence, every item of the unpaid account. *Maintain*, 698 S.W.2d at 471.

In the instant case, the evidence shows that Worley employed Butler as his attorney and agreed to pay him $125.00 per hour, plus travel and expenses. Butler testified that he was Worley's attorney in his suit against Shell Oil Company. His normal and regular fee at the time he accepted Worley's case was $125.00 per hour, plus expenses. Butler represented Worley from December, 1982, through September, 1985, and he stated that his fees were reasonable and necessary. The final statement shows that for May, 1985, through September, 1985, Worley owed Butler $22,866.26 in fees and expenses.

■ Worley contends that his testimony given during the Shell trial constitutes hearsay and does not qualify as a judicial admission. Rule 801(e)(2) of the Texas Rules of Civil Evidence provides that a statement is not hearsay if it is offered against a party and is his own statement in either his individual or representative capacity. Here, Worley's prior testimony concerning his employment agreement and fee arrangement is being offered against him as a party-opponent. Further, Worley made these statements in his individual capacity. According to Rule 801(e)(2), Worley's prior testimony is not hearsay.

■ Worley argues that in order to recover attorneys' fees, the attorneys' services must benefit the client. He argues that there is a fact issue whether Butler's efforts in obtaining a judgment in the Shell suit are a benefit to him (Worley's suit against Shell ended in Shell's favor.). The evidence shows that Worley employed Butler to represent him in his lawsuit against Shell Oil Company and that he agreed to pay him $125.00 per hour, plus travel and expenses. The case was not accepted by Butler on a contingency fee basis nor was there any stipulation that Worley would not have to pay Butler if he lost the case.

Worley argues that Butler has the burden to prove the reasonableness of his fees and that Butler can accomplish this only if he proves that he was not careless. Butler testified during the Shell trial that his fees were reasonable and necessary. Worley then had the burden to go forward with evidence to show that Butler's fees were not reasonable and necessary. There was no controverting evidence to show that Butler's fees were not reasonable and necessary.

Worley contends that his answers to interrogatories controvert the justness of Butler's fees. Texas law is settled that a non-moving party may not resort to his own answers to the moving party's interrogatories as proof of the existence of a genuine issue of material fact. *Walker v. Horine*, 695 S.W.2d 572, 575 (Tex.App.—Corpus Christi 1985, no writ).

We conclude that the summary judgment evidence establishes Butler's right to recover in his suit on sworn account. The trial court did not err in granting Butler summary judgment for $22,860.20 in legal fees.

■ Tex.Rev.Civ.Prac. & Rem.Code Ann. § 38.001(7) (Vernon 1986) allows a person to recover reasonable attorney's fees from an individual, in addition to the amount of a valid claim and costs, if the claim is for a sworn account. In his affidavit, attorney Ferriel C. Hamby, Jr., stated that Butler

retained him to prosecute his claim. Attorney Roger W. Hughes states in his affidavit that he assisted Hamby. The affidavits of Hamby and Hughes support the trial court's award of attorneys' fees and expenses for the prosecution and appeal of Butler's suit.

We hold that the trial court did not err in granting Butler summary judgment for the reasonable attorneys' fees and related expenses for the prosecution and appeal of this case.

The trial court's judgment is AFFIRMED.

SEERDEN, Justice, concurring.

While I agree with the result reached by the majority in this case, I find it necessary to write separately to clarify my reasoning.

I agree in rejecting the contentions of appellant that in order to recover attorney's fees, the services must benefit the client and that the only way an attorney can establish that his fee is reasonable is to prove he was not careless. The majority, however, continues by stating that after Butler testified in the "Shell trial" that his fees were reasonable and necessary, Worley had the burden to show that the fees were not reasonable and necessary.

The only relevance of Butler's testimony in the "Shell trial" to these proceedings is that Butler attached the verified sworn testimony as part of his summary judgment evidence. Butler's summary judgment evidence is sufficient to establish his right to summary judgment absent controverting evidence by Worley. While Worley filed a reply to appellee's motion for summary judgment, he offered no controverting summary judgment evidence. His reply was not sworn to and he offered no affidavit evidence.

I question whether the doctrine that a non-moving party may not resort to his own answers to the moving party's interrogatories as proof of the existence of a genuine issue of material fact, as announced in *Walker v. Horine,* 695 S.W.2d 572, 575 (Tex.App.—Corpus Christi 1985, no writ), is applicable in this case. In Horine and the cases cited therein, there was either no reply to the motion for summary judgment or the reply failed to mention or incorporate the answers to interrogatories. The first mention of such answers was on appeal. Here, appellant filed a response to the motion for summary judgment and quoted the interrogatory response. As pointed out above, the reply to the motion for summary judgment was not sworn to. In addition, the answers to interrogatories was not sworn to, either; consequently there simply was no summary judgment evidence contesting the reasonableness and necessity of the attorney's fees. Accordingly I agree the summary judgment should be affirmed.