NUMBER 13-03-087-CV
 
COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

BAYLOR CONSTRUCTION COMPANY,                                    Appellant,

v.

E. MARTINEZ SANDBLASTING AND PAINTING,                      Appellee.
                                                                                                                                      

On appeal from the County Court at Law No. 2 
of Hidalgo County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza

          By two issues, Baylor Construction Company appeals a summary judgment
rendered in favor of E. Martinez Sandblasting and Painting (“Martinez”) on its suit on sworn
account against Baylor. For the reasons that follow, we overrule both issues and affirm the
judgment of the trial court.
Venue
          In its first issue, Baylor argues that the trial court erred in denying its motion to
transfer venue.


 The plaintiff has the first choice to fix venue in a proper county by filing
the suit in the county of its choice. In re Masonite Corp., 997 S.W.2d 194, 197 (Tex. 1999)
(orig. proceeding). A plaintiff’s choice of venue stands unless challenged by proper motion
to transfer venue. See Tex. R. Civ. P. 86(1); In re Missouri Pac. R.R. Co., 998 S.W.2d
212, 216-17 (Tex. 1999). If the plaintiff’s venue choice is not properly challenged through
a motion to transfer venue, the propriety of venue is fixed in the county chosen by the
plaintiff. Wilson v. Texas Parks & Wildlife Dep’t, 886 S.W.2d 259, 260 (Tex. 1994); see
Tex. Civ. Prac. & Rem. Code Ann. § 15.063 (Vernon 2002); Tex. R. Civ. P. 86(1).
          In this case, Martinez filed suit in Hidalgo County. Baylor objected to venue on the
ground that Baylor is “not a resident or inhabitant” of Hidalgo County. Baylor asked the
court to transfer the case to Bexar County, where it resides and has a office. The trial
court denied Baylor’s motion without issuing findings of fact or conclusions of law.
          After reviewing Baylor’s motion to transfer venue, we conclude that Baylor has not
preserved this issue for appellate review. See Tex. R. App. P. 33.1(a)(1) (objection must
comply with rules of civil procedure). Rule 86.3 requires that a motion to transfer venue
state the legal and factual basis for the transfer. Tex. R. Civ. P. 86.3. Baylor’s motion
recited only facts. It stated that Baylor was not a resident or inhabitant of Hidalgo County. 
It also stated that Baylor was a resident of Bexar County, where it has an office. These
facts, however, do not establish that Martinez’s choice of venue was improper or that
venue was mandatory in Bexar County. See id. They do not establish a legal basis for
transfer; they state a factual basis for transfer. To properly challenge Martinez’s choice of
venue, Baylor was required to argue its motion in terms of law and fact. See id. Having
neglected half of its burden in this regard, Baylor never made a proper challenge to venue
in Hidalgo County. Therefore, any error in venue was not preserved. See Tex. R. App. P.
33.1(a). Baylor’s first issue is overruled.
Summary Judgment 
          In its second issue, Baylor contends that summary judgment was improper because
an issue of material fact exists. Specifically, Baylor argues that its verified denial raised
an issue of fact as to whether Larry Hammer was its employee or an employee of Vicor,
its co-defendant in this action. Baylor, however, never filed a written response to
Martinez’s motion for summary judgment. Thus, the only issue Baylor may raise on appeal
is that Martinez failed to carry its burden of proof. See Houston v. Clear Creek Basin
Authority, 589 S.W.2d 671, 678 (Tex. 1979).
          When a trial court’s order granting summary judgment is silent as to the reasoning
upon which the ruling is based, as in this case, the appellate court should affirm the
summary judgment if any ground advanced in the motion is meritorious. See Harwell v.
State Farm Mut. Auto Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995); Larson v. Family
Violence & Sexual Assault Prevention Ctr., 64 S.W.3d 506, 515 n.8 (Tex. App.–Corpus
Christi 2001, pet. denied). In reviewing a traditional summary judgment, we must
determine whether the summary judgment proof establishes as a matter of law that there
is no genuine issue of material fact as to one or more of the essential elements of the
plaintiff’s cause of action or whether the defendant has conclusively established all
elements of an affirmative defense. Pech v. Estate of Tavarez, 112 S.W.3d 282, 285 (Tex.
App.–Corpus Christi 2003, no pet.); see also Crain v. Smith, 22 S.W.3d 58, 59 (Tex.
App.–Corpus Christi 2000, no pet.). We take as true all evidence favorable to the
non-movant and indulge every reasonable inference in the non-movant’s favor. Trigo v.
Munoz, 993 S.W.2d 419, 421 (Tex. App.–Corpus Christi 1999, pet. denied). Our review
is de novo. Texas Commerce Bank-Rio Grande Valley, N.A. v. Correa, 28 S.W.3d 723,
726 (Tex. App.–Corpus Christi 2000, pet. denied). 
          To prevail in a cause of action on sworn account, a party must show: (1) that there
was a sale and delivery of merchandise or the performance of services; (2) that the amount
of the account is just; that is, that the prices were charged in accordance with an
agreement, or in the absence of an agreement, that they are the usual, customary and
reasonable prices for that merchandise or services; and (3) that the amount is unpaid. 
Worley v. Butler, 809 S.W.2d 242, 245 (Tex. App.–Corpus Christi 1990, no pet.) (citing
Maintain, Inc. v. Maxson-Mahoney-Turner, Inc., 698 S.W.2d 469, 471 (Tex. App.–Corpus
Christi 1985, writ ref’d n.r.e.); Hercules Exploration, Inc. v. Halliburton Co., 658 S.W.2d
716, 723 (Tex. App.–Corpus Christi 1983, writ ref'd n.r.e.)); see also Adams v. H & H Meat
Prods., Inc., 41 S.W.3d 762, 773 (Tex. App.–Corpus Christi 2001, no pet.). Martinez’s
summary judgment proof established each of the foregoing elements. Thus, Martinez was
entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a(c). 
          We may not reverse the trial court’s award of summary judgment based on grounds
not expressly set forth in the non-movant’s response. Id.; see Clear Creek Basin Auth., 589
S.W.2d at 677; City of Mission v. Ramirez, 865 S.W.2d 579, 581 (Tex. App.–Corpus Christi
1993, no writ). Baylor did not file a response to Martinez’s motion. Consequently, even
if issues of material fact are evidenced by the record, as Baylor contends, we cannot
reverse the trial court’s judgment based on such issues. See Tex. R. Civ. P. 166a(c);
Stewart v. Tex. Lottery Comm’n, 975 S.W.2d 732, 735 (Tex. App.–Corpus Christi 1998, no
pet.) (“Any issue which the non-movant claims would justify denying summary judgment
must be included in its response.”). Baylor’s second issue is overruled.
          The judgment of the trial court is affirmed. 

                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Memorandum Opinion delivered 
and filed this the 1st day of July, 2004.