# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00271-CR

**Sandy Sendgikoski, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
NO. 13,654, HONORABLE CHRISTOPHER DARROW DUGGAN, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

A jury found Sandy Sendgikoski guilty of two counts of intoxication manslaughter and found that he used his car as a deadly weapon in committing these offenses. The jury assessed a term of seventeen-and-one-half years in prison for each offense as punishment, and the trial court ordered these sentences to run consecutively. Sendgikoski contends that his trial counsel rendered ineffective assistance by waiting to file a motion to disqualify the trial judge until less than ten days before the trial date. We will affirm the judgment.

Sendgikoski and his girlfriend drove around and drank beer for several hours on February 10, 2009, eventually winding up on Texas Highway 21. Early that evening, Martin Ortiz was driving west on Farm to Market Road 812 and Dan Richards was driving east on the same road. Both were in pickup trucks and both were driving toward Texas 21. Sendgikoski exited Texas 21 and rolled through a stop sign into its intersection with FM 812. He struck Ortiz's truck on the side and sent it airborne into a cab-to-cab collision with Richards's truck. Ortiz died at the scene,

and Richards died twelve days later as a result of injuries sustained in the crash. Sendgikoski's blood-alcohol level was 0.28—more than three times the legal limit for drivers. *See* Tex. Penal Code Ann. §§ 49.01(2)(B), 49.04 (West 2011). Sendgikoski was indicted for two counts of intoxication manslaughter.

Trial was set for April 12, 2010. Sendgikoski's trial attorney, Joe Tuck, proposed a plea bargain that he said the State favored until Richards's family objected. On April 6, 2010, the State rejected the plea offer and filed a motion to have any sentences run consecutively. The next day, Sendgikoski filed a motion to disqualify District Judge Christopher Duggan alleging that the judge may have had a previous association with Richards. The motion alleged that, while Judge Duggan served eighteen years as a prosecutor in Travis County, Richards was the chief deputy sheriff for Travis County, and that their presumed relationship would affect the judge's ability to be fair and impartial. Judge Duggan referred the case to the administrative judge for a hearing on the motion.

A visiting judge held a hearing on the motion, during which Tuck asserted that Judge Duggan must have known Richards at least indirectly and would have difficulty being fair in a trial concerning the cause of Richards's death. Tuck stated that he had been disappointed in several rulings by the court and concerned by the manner in which the court ruled during the process leading up to trial. He nevertheless had expected the State to agree to, and the court to accept, the plea bargain that would have limited his client's maximum sentence to twenty years. Tuck testified that he withheld filing the motion to disqualify until the State rejected the plea bargain and filed the motion to have any sentences run consecutively, and thereby increased the chance that his client would be sentenced to forty years in prison. Tuck said that the sentencing exposure combined with

2

his concerns about Judge Duggan's perceived bias compelled him to file the motion to disqualify. A visiting judge heard and denied the motion to disqualify without stating a basis.

Judge Duggan then presided over the trial at which the jury found Sendgikoski guilty on both counts and assessed a sentence of seventeen-and-one-half years in prison on each count. The trial court then ordered the sentences to be served consecutively. Sendgikoski's appellate counsel filed a motion seeking a new trial "in the interest of justice" without further detail.

Sendgikoski asserts on appeal that the judgment should be reversed because he received ineffective assistance of counsel at trial. He argues that Tuck rendered ineffective assistance by waiting to file the motion to disqualify until the eve of trial. He contends that the motion was due at least ten days before trial. *See* Tex. R. Civ. P. 18a(c); *see also Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (en banc) (civil appellate rules govern removal of judges in criminal trials). He asserts that Tuck knew that the sentences could be stacked even without a motion by the State long before April 6 and that his untimeliness in seeking removal of the judge barred Sendgikoski from complaining about the judge presiding over the trial.

To establish ineffective assistance, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 771; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d

59, 63 (Tex. Crim. App. 2001). We review the effectiveness of counsel in light of the totality of the representation and particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). To establish deficient performance as a matter of law under the first prong, a defendant must show that no reasonable trial strategy could justify counsel's conduct. *Strickland*, 466 U.S. at 689; *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). A defendant establishes prejudice under the second prong if he shows that a reasonable probability exists that, but for the deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 687-88, 694; *Ex parte Cash*, 178 S.W.3d 816, 818 (Tex. Crim. App. 2005). A reasonable probability is one sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

We conclude first that Sendgikoski has not shown that his trial counsel's motion to disqualify was untimely. A judge may be removed because he is disqualified or because he is subject to recusal by rule, and the grounds and procedures for each type of removal are different. *See In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998) (orig. proceeding). Sendgikoski asserted in his motion titled "Defendant's Motion to Disqualify Judge" that the circumstances of the case would affect Judge Duggan's "ability to be fair and impartial." Judicial bias is a ground for disqualification in those cases in which the bias is shown to be of such a nature and to such an extent as to deny a defendant due process of law—a right guaranteed by the federal and state constitutions. U.S. Const. Amend. XIV, § 1; Tex. Const. art. 1, § 19; *Wesbrook v. State*, 29 S.W.3d 103, 121 (Tex. Crim. App. 2000). Disqualification cannot be waived where it arises from a constitutional provision. *Woodland v. State*, 178 S.W.2d 528, 529 (Tex. Crim. App. 1944). Disqualification of a judge for bias that denies due process may be raised at any time. *See Gamez v. State*, 737 S.W.2d

4

315, 318 (Tex. Crim. App. 1987). Thus, the timing of the filing did not prevent Sendgikoski from having his motion to disqualify heard. He has not shown that the timing of Tuck's filing of the motion constituted deficient performance.

Even if his motion to disqualify were actually a motion to recuse and the limitations of rule of procedure 18a rendered his motion to remove the judge untimely,[1] Sendgikoski has not shown that Tuck rendered ineffective assistance. Tuck's decision to try to get the plea deal accepted before urging removal of the judge may have been sound trial strategy. Tuck alleged that the late filing of the motion caused a negative reaction by Judge Duggan in this and other cases involving Tuck and his firm. Even if the timing of the motion—rather than its substance or some other unrelated factor—caused the trial judge's alleged negative reaction, we cannot say that Tuck's delay in filing was ineffective assistance of counsel. We also cannot say that Tuck acted unreasonably when he did file the motion to disqualify, given that he believed the judge was biased. Further, Sendgikoski has not demonstrated that this one action rendered Tuck's entire performance ineffective. Indeed, he does not complain about the remainder of Tuck's performance, which included filing numerous pretrial motions, negotiating a plea agreement that allegedly almost resolved the matter, and calling, questioning, and cross-examining witnesses at trial. We conclude that Sendgikoski has not demonstrated that the timing and the filing of the motion to disqualify rendered Tuck's performance as counsel so deficient as to be ineffective assistance of counsel.

---

[1] Some courts have determined that, if the grounds for filing a motion to recuse are not apparent until less than ten days before trial, a party may file a motion to recuse despite the limitations of Texas Rule of Civil Procedure 18a. *See, e.g.*, *Keene Corp. v. Rogers*, 863 S.W.2d 168, 171-72 (Tex. App.—Texarkana 1993, no writ).

Finally, we cannot conclude that a reasonable probability exists that the outcome of the proceeding would have been different but for the allegedly late filing of the motion. Sendgikoski has not shown that the result of the hearing on the motion to disqualify would have been any different had Tuck filed the motion at least ten days before trial. Regardless of the timing of the motion to disqualify, a visiting judge held a hearing on its substance and denied it without stating that his denial was based on the timing of the filing of the motion. Sendgikoski complains that the late filing of the motion to disqualify barred appellate review. Even if that were true, the record of the motion to disqualify does not show that the visiting judge erred in denying the motion to disqualify. Sendgikoski has not shown that the timing of the filing of the motion had any effect on the ruling on the motion.

More critically, Sendgikoski has not demonstrated that any alleged tardiness in the filing of the motion to disqualify had any effect on the outcome of the case. We find ample support in the record for concluding that the facts of the case controlled the outcome. Sendgikoski drove his vehicle after consuming more than a dozen beers, leading to intoxication at 3.5 times the legal limit. He testified that the intersection was "horrible," but conceded that it would have been no problem if he had been sober. Instead, he failed to stop at a stop sign, caused a chain reaction collision, and two people died as a result. Sendgikoski testified that having a DWI was the norm in his group of friends and that he had not previously understood the potential severity of the effect that his driving while drunk could have on others. He made this statement despite having been convicted in 2001 of driving while intoxicated and put on community supervision that was later revoked. The evidence and testimony strongly support the conviction, and Sendgikoski has not shown how the timing of the filing of the motion to disqualify had any effect on the outcome of the case. Even

6

so, the jury did not impose the maximum sentence of twenty years for each offense. We cannot conclude that the jury found Sendgikoski guilty or sentenced him more harshly as a result of the allegedly late filing of the motion to disqualify. Further, there is no showing that the trial court ordered the sentences to run consecutively as a result of the timing or the filing of the motion to disqualify or because of any bias. The trial judge could reasonably have been persuaded that the circumstances of this case merited a stronger message of punishment and deterrence than concurrent sentences would provide. We cannot conclude based on this record that a reasonable probability exists that, but for Tuck's filing the motion to disqualify less than ten days before trial, the outcome of the proceeding would have been better for Sendgikoski. He has not demonstrated that Tuck's performance constituted ineffective assistance requiring reversal.

We affirm the judgment.

_____

Jeff Rose, Justice

Before Justices Henson, Rose and Goodwin

Affirmed

Filed: August 19, 2011

Do Not Publish

7