

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00326-CV

COBALT OPERATING, LLC, A TEXAS LIMITED LIABILITY COMPANY, APPELLANT

V.

ASSOCIATED SUPPLY COMPANY, INC., APPELLEE

On Appeal from the County Court at Law No. 3
Lubbock County, Texas
Trial Court No. 2015-571,087, Honorable Judy Parker, Presiding

October 18, 2017

## MEMORANDUM OPINION

### Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Cobalt Operating, LLC, challenges the trial court's order granting summary judgment in favor of appellee, Associated Supply Company, Inc. ("ASCO"). We will affirm the order of the trial court.

Background

ASCO sells, rents and repairs equipment and supplies used mainly in the construction industry and by commercial contractors. In June 2014, Cobalt submitted a

credit application to ASCO. After approval, Cobalt opened an account with ASCO for the purpose of renting equipment and purchasing supplies and repairs. Cobalt used the account, routinely renting equipment and ordering supplies from ASCO. Cobalt leased a forklift, using that credit account, from June 25 through September 5, 2014. The parties executed a rental agreement for the forklift. Cobalt paid all the rental charges except Invoice L71822 dated September 5, 2014, covering the period from August 29 through September 5, in the amount of $2,701.88. In addition, the forklift was in a damaged condition when Cobalt returned it. ASCO invoiced Cobalt for repair costs, in the amount of $9,358.18, shown by Invoice W22076 dated October 4, 2014. Cobalt did not pay that invoice.

When correspondence with Cobalt concerning the balance due failed to yield payment, ASCO filed suit. It alleged several causes of action, including one under Texas Rule of Civil Procedure 185, sworn account.[1] After discovery, ASCO filed a traditional motion for summary judgment. It supported its motion with summary judgment evidence and a brief. The trial court granted ASCO's motion and awarded it the principal amount owed and attorney's fees and expenses of $4,654.52. Cobalt appeals.

Analysis

In its single issue on appeal, Cobalt contends the trial court erred in granting ASCO's motion because it contained "no competent undisputed summary judgment

---

[1] ASCO also pleaded causes of action for breach of contract and account stated, as well as an alternative claim of *quantum meruit*. We will not address ASCO's other causes of action.

evidence to establish any of the elements of [ASCO's] claim, including no undisputed summary judgment evidence to establish any contract between [Cobalt and ASCO], no competent, undisputed summary judgment evidence to establish any breach of any contract between [Cobalt and ASCO] (or any of [ASCO's] other claims), and no competent, undisputed summary judgment evidence to establish any amount of damages resulting from breach of contract, if any, between [Cobalt and ASCO]."

In appeal of a traditional summary judgment, the issue is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A traditional summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment. *Id.*

We examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *20801, Inc. v. Parker,* 249 S.W.3d 392, 399 (Tex. 2008). We must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *Hamilton v. Wilson,* 249 S.W.3d 425, 426 (Tex. 2008); *City of Keller v. Wilson*, 168 S.W.3d 802, 822-24 (Tex. 2005). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the

3

nonmovant unless reasonable jurors could not. *Timpte Indus., Inc. v. Gish,* 286 S.W.3d 306, 310 (Tex. 2009).

For ASCO to prevail in its suit on a sworn account on traditional summary judgment, it had to prove (1) that it sold and delivered merchandise or performed services; (2) that the charges on the account were "just," proof of which may be shown by express agreement or, in the absence of an agreement, by evidence that the charges are "usual, customary, or reasonable;" and (3) that the outstanding amount remains unpaid. *Ellis v. Reliant Energy Retail Servs., L.L.C.,* 418 S.W.3d 235, 246 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Here, ASCO attached to its motion for summary judgment the affidavits of Judy Melvin, Pam Bussell, Lee Hanson, and Nick Van Cleave. Each of these individuals is an ASCO employee with knowledge of Cobalt's credit account. Through the affidavits, ASCO established: (1) Cobalt executed an application for credit with ASCO on June 25, 2014; (2) through its account with ASCO, Cobalt rented and used a forklift from June 25 through September 5, 2014; (3) Cobalt and ASCO entered into a written rental agreement that described the rental rate for the forklift; (4) ASCO issued invoices to Cobalt for the forklift for that time period and Cobalt paid all but the charges itemized on the last invoice, bearing the invoice identifier "L71822"; (5) On September 5, 2014, Cobalt returned to ASCO the forklift in damaged condition but failed to pay for the repair of the damages; (6) the prices ASCO charged were the usual, customary and reasonable rental rates for the equipment; (7) the prices ASCO charged were the usual

and customary rates for repairs made to the damaged forklift; and (8) the principal amount of $12,060.17 is due and owing from Cobalt to ASCO.[2]

In support of its argument that ASCO failed to establish each element of its claims, Cobalt argues it has shown the existence of genuine issues of material fact precluding summary judgment.  It argues the equipment was not ordered by an "authorized representative" named in the credit application.  But ASCO's summary judgment evidence shows Hanson spoke with one of the named representatives, Josh Garner, concerning the equipment Cobalt needed.  Also, the forklift was rented on the same day the credit application was signed by another authorized representative, Jaret Burkett, in his capacity as Vice President of Operations for Cobalt.  And, ASCO points out Cobalt never contacted ASCO to tell it the rental of the forklift was unauthorized, as required by the terms of the credit application.  Moreover, ASCO's evidence shows Cobalt paid for all of the forklift rental charges, except for the charges on the last invoice.  We note also Cobalt never denied damaging the forklift but complained only that Cobalt was not informed of the damage before ASCO retrieved the equipment.

ASCO presented a prima facie case for its sworn account claim.  Because Cobalt failed to present evidence that would raise a genuine issue of material fact, the trial court did not err in granting summary judgment for ASCO on its sworn account claim.

---

[2] In Bussell's affidavit appended to ASCO's original petition, Bussell also stated:

> Defendant's account, evidenced by the Credit Application marked as Exhibit "A," the Rental Agreement marked as Exhibit "B," and the invoices marked Exhibits "C.1" and "C.2," and attached to Plaintiff's Original Petition, is within my personal knowledge just and true.  The true amount of the account is due Plaintiff by Defendant, and all just and lawful offsets, payments and credits have been allowed.

And, because ASCO established its right to judgment on the sworn account as a matter of law, ASCO is entitled to attorney's fees based on that claim. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(7) (West 2015). In support of its motion for summary judgment on its attorney's fees, ASCO provided an affidavit by its attorney. An attorney's affidavit can sufficiently establish reasonable attorney's fees on a motion for summary judgment. *Worley v. Butler,* 809 S.W.2d 242, 246 (Tex. App.—Corpus Christi 1990, no writ); *10-Minute Oil Change, Inc. v. Metro. Nat'l Bank*, 783 S.W.2d 598, 602 (Tex. App.—Dallas 1989, no writ). However, the nonmovant may create a fact issue by filing an affidavit contesting the reasonableness of the movant's attorney's fees. *Purvis Oil Corp. v. Hillin,* 890 S.W.2d 931, 938 (Tex. App.—El Paso 1994, no writ). Here, Cobalt did not do so.

## Conclusion

Having resolved Cobalt's sole issue against it, we affirm the judgment of the trial court.

James T. Campbell
Justice